PER CURIAM.
Appellant, relator in the trial court, sought to have issued an alternative writ of mandamus to the tax assessor and other officials requiring them to complete a new tax roll for 1964 on all taxable property in Collier County at just value, charging that the tax assessor systematically, deliberately and intentionally assessed taxable property contrary to the requirements of law.
Appellant’s petition further alleged that the tax assessor knowingly and willfully gave certain property owners discounts by assessing their property below just value; gave a subdivider’s discount of 62]4 per cent to 85 per cent of the appraised value of the land, and assessed homestead and commercial property at 75 per cent of just value. Following a full hearing on all matters raised in the petition and return thereto, the court entered an order quashing the writ of mandamus. This appeal followed.
The question to be determined here is whether the tax assessor assessed property in Collier County in accordance with the Constitution, statutes and laws pertaining to assessments. The trial court found from the evidence adduced that there had been no gross abuse of discretion by the tax assessor in the method by which he assessed valuations. Appellant further charges that the tax assessor failed to take into consideration sales price of various properties in determining just value. Our courts have on many occasions determined that sales price of property can and should be considered in determining fair market value but that it is not the sole criterion for this determination. Florida Statutes, § 193.021, F.S.A. provides seven guideposts for tax assessors to use in their determination of just value. From the record it affirmatively appears that the tax assessor considered these factors in preparing his valuations.1
Appellant further contends that the tax assessor arbitrarily assessed taxable *248 property in Collier County at 75 per cent of the appraised value as determined by the appraisal report made by Hunnicutt and Associates in 1960. In State ex rel. Glynn v. McNayr (Fla.1961), 133 So.2d 312, the Supreme Court held that a tax assessor is not bound by the report of an appraisal board although he may use these figures as a guide. A comprehensive reassessment was made in the preparation of the 1964 tax roll. Hunnicutt’s figures were considered but not determinative of the tax assessor’s final evaluation. It likewise appears from the record that the tax assessor exercised his own judgment in accordance with the method prescribed by law and interpreted by the Supreme Court as set forth in Walter v. Schuler (Fla. 1965), 176 So.2d 81.
The granting of an illegal sub-divider’s discount to the owners of unsold, vacant, platted lands is the basis of appellant’s third contention. It appears that the tax assessor applied the statutory classification and requirements of § 192.31(2), Fla. Stats., F.S.A., in placing a value on unsold platted lots on the same basis as acreage of similar character. To have done otherwise would have been contrary to § 192.31(2), Fla.Stats., F.S.A., and mandamus will not be granted to compel the performance of an illegal act. State ex rel. Glynn v. McNayr, supra.
The Supreme Court in Walter v. Schuler, supra, has clearly and unequivocally outlined procedures and methods to be used by the- tax assessor in arriving at just evaluation, and any deviation from this decision will not be condoned. We find, in the instant case, no showing that the tax assessor varied from the law as set forth in the Schuler decision.
No. error having been made to appear, the judgment is affirmed.
LILES, Acting C. J., HOBSON, J., and LENFESTEY, JAMES A., Associate Judge, concur.