QUESTIONS: 1. Is a county tax collector required to furnish a separate tax bill for each unsold lot within a subdivision upon request by the subdivision owner? 2. Is a county property appraiser required to place upon the tax assessment rolls a separate parcel entry for each unsold lot within a subdivision upon request by the subdivision owner?
SUMMARY: Upon proper recordation of a subdivision map or plat in the office of the clerk of the circuit court of the county in which the lands are located, the property appraiser is required to revise the tax rolls for subsequent tax years so that the property descriptions are in accordance with the descriptions as shown on the map or plat so recorded. If there have been any lots sold or other factors have occurred which result in lack of contiguity or similarity of conditions among the unsold lots, then the assessment must be based on values attributable to each lot within the parcel. Contiguous lots may be billed on a single tax bill as a single parcel; however, no single parcel may exceed a section in size. The answer to both questions depends upon the conditions that exist in the subdivision as of January 1 of the year for which the assessment is being made. If the subdivision has been platted but there have not been any lots sold nor has any physical development occurred, then your questions are answered in the negative. However, to the extent that lot sales or other factors have resulted in lack of contiguity or similarity of condition among the unsold lots, then your questions are answered in the affirmative. Chapter 12B-1.120, Rules of the State of Florida Department of Revenue, states in § 12B-1.120(A) 1.: (A) All descriptions of real property shall be based upon reference to the government grid system survey in general use in this state except: 1. Where real property has been subdivided into lots according to a map or plat duly recorded in the office of the clerk of the circuit court of the county in which the lands are located, the description of real property shall be based upon reference to such map or plat. This rule would require the property appraiser to change the legal description of the assessed property to conform with the description on the recorded map or plat. That circumstance alone does not in my opinion require the property appraiser to enter a separate assessment for each lot. Any lots or blocks belonging to a single owner or owners within a government grid section may be included on a single entry, excepting out of the description, of course, any lands dedicated to and accepted by the county.
Section 195.027, F.S., which directs the department to prescribe rules and regulations for the assessing and collecting of taxes, states in subsection (2): . . . It is the legislative intent that the department shall require a high degree of uniformity so that data will be comparable among counties and that a single audit procedure will be practical for all assessors' offices. Rule 12B-1.137, F.A.C., Approval of Assessment Rolls by the Department of Revenue, states: (2) Grounds for disapproval of assessment rolls. An assessment roll may be disapproved upon the following grounds: (A) Failure to prepare the role in the manner and form prescribed by law and these rules; Rule 12B-1.138, F.A.C., Forms, states: (1) Department to prescribe and furnish uniform forms and instructions for their use in administering and collecting ad valorem taxes. (A) The department shall prescribe and furnish all forms and instructions relating to their use, which shall be uniform throughout the state, to be used by county tax assessors. . . . (B) Uniformity of form and instructions. Forms and the instructions for their use shall be uniform as to basic content, purpose and application. . . . Pursuant to these rules, the Department of Revenue encloses, with their distribution of the binders for each year's tax roll, a form entitled "Instructions to County Assessors of Taxes." Included in the instructions is an admonition to "read carefully and comply strictly." In the instructions is the following statement: When an entire Section, half Section or quarter Section of land is returned by the same person . . . the land must not be subdivided, but must be assessed in each case as one tract or parcel. All land must be assessed in as large tracts as possible, not exceeding an entire Section so as to avoid unnecessary expense in the event that the land is advertised for sale. This rule also should be applied to assessment of lands in Cities and Towns, using Blocks as a basis, and where all Blocks in a single subdivision of a Section belong to the same party, the land should be assessed as such subdivision. (Emphasis supplied.) Therefore, if the subdivision has been platted but no lots have been sold and no development has occurred, the property appraiser should appraise the subdivision as one parcel and the tax collector should send the taxpayer a single bill with a single value for the total parcel. However, if the parcel exceeds a section, then there would be a separate appraisal and billing for each section or portion thereof. When a part of the property is sold during the tax year the owners may request a split-out or apportionment of the tax and assessment in accordance with Department of Revenue Rule 12B-1.361. Chapter 75-12, Laws of Florida, approved by the Governor May 20, 1975, effective October 1, 1975, deletes the disputed 60 percent rule of s. 195.062, F.S., and inserts in its place: Such manual shall instruct that the mere recordation of a plat on previously unplatted acreage shall not be construed as evidence of sufficient change in the character of the land to require reassessment until such time as development is begun on the platted acreage.
In my opinion this does not conflict with the requirement of Ch. 12B- 1.120, supra, that the property appraiser change the description of the lands to conform to the recorded map or plat. In light of this statute it is my opinion that when the property appraiser has concluded that development has begun on the platted acreage so as to require a "reassessment" of the platted subdivision, in spite of the fact that no lots have been sold his appraisal should hereafter be based upon values attributable to each lot in a given parcel. In Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433 (Fla. 1973); on Reh. (Fla. 1974), the court held that a statute, s. 195.02(1), F.S. 1973, could not constitutionally compel assessment of unsold lots in a platted subdivision as acreage while lots sold but otherwise identical were valued by market standards for such lots. The rationale advanced by the court (p. 435) in support of the holding is that to do otherwise discriminates for tax purposes between the individual lot owner and the developer holding the "unsold" lots. Therefore, it appears that the Interlachen case, supra, will apply to valuation standards at any time after one or more lots have been sold. Under these conditions the property appraiser must value such property on the basis of component lots in any given parcel determined by standards above delineated. In either condition where the appraiser is required to assess by lot and the lots are contiguous, then a single bill would be permissible, but it should be attributable to component lot values in the same way that acreage in a single parcel is itemized between waste, pasture land, timber, etc. A taxpayer attempting partial payment would be governed by the requirements applicable to taxes on other single parcels.