QUESTION: Do the provisions of s. 397.099, F. S., permit a minor who enters a drug abuse treatment and education center for purposes of rehabilitation to authorize medical treatment which may or may not be directly related to the minor's drug abuse problem?
SUMMARY: Section 397.099, F. S., removes the disability of nonage of minors solely for the purpose of obtaining medical attention or treatment which is directly related to drug abuse or dependency. Any other medical treatment requires parental consent, except for emergency medical care or treatment prescribed by s. 458.21, F. S., or except as may be otherwise provided by statute, e.g., s. 384.061(1), F. S. It is my conclusion that the disability of nonage of minors is removed by s. 397.099, F. S., solely for the purpose of obtaining medical attention or treatment which is directly related to drug abuse or dependency. Any other necessary medical treatment for minors is subject to the general rules requiring parental consent, except as may be otherwise provided by statute, e.g., s. 384.061(1), F. S. Cf. s. 458.21, F. S., relating to emergency care or treatment of minors in certain circumstances and subject to the conditions therein prescribed. My research on this subject indicates that there have been no cases construing s. 397.099, F. S. It is thus necessary to look at the statute itself and determine the intent of the Legislature. Tyson v. Lanier,156 So.2d 833 (Fla. 1963). The legislative intent must be determined primarily from the language of the statute. Vocelle v. Knight Brothers Paper Company, 118 So.2d 664 (1 D.C.A. Fla., 1963). The language of s. 397.099, F. S., provides that the disability of nonage of minors is removed "for the purpose of obtaining rehabilitative or medical treatment for drug abuse or dependency." It is clear from the language that the intent of the Legislature was to remove the disability of nonage of minors solely for the purpose of obtaining drug abuse or dependency-related treatment. In regard to intent, the title of Ch. 72-302, Laws of Florida, creating s. 397.099, F. S., declares that the legislative intent is "to provide minors with the capacity to consent to rehabilitative or medical treatment for drug abuse or dependency." The body of the act does not authorize or provide for any other kind of medical care or treatment without prior parental consent. Moreover, the rule expressio unius est exclusio alterius — express mention of one thing implies the exclusion of another — appears to apply and rule out the removal of disability of nonage for any other purpose. Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); State ex rel. Judicial Qualifications Commission v. Rose,286 So.2d 562 (Fla. 1973); Interlachen Lakes Estates, Inc. v. Snyder,304 So.2d 433 (Fla. 1974). Thus, s. 397.099, F. S., removes the disability of nonage of minors solely for the purpose of obtaining drug abuse or dependencyrelated treatment. The question is then presented as to the scope of this treatment. The issue is whether "rehabilitative or medical treatment for drug abuse or dependency" refers only to medical care or attention which is directly related to drug abuse treatment and rehabilitation or whether it refers also to any medical attention or treatment which may become, or may be deemed to be, necessary during a process of drug abuse treatment and rehabilitation. Section 397.099, F. S., speaks of drug abuse or dependency-related treatment. The statute does not vest discretion in any person or treatment facility, nor does it fix any standards or conditions under which any discretion may be exercised or any other medical treatment for any other disease or bodily infirmity be administered or prescribed. Thus the treatment to which the minor consents under s. 397.099, F. S., must be directly related to drug abuse or dependency. Moreover, a statute is to be strictly construed when it is in derogation of the common law. Such a statute is not to be interpreted as displacing the common law any further than is expressly declared. Bryan v. Landis, 142 So. 650 (Fla. 1932). As indicated in Volume 59 of American Jurisprudence Second, in the discussion on Parent and Child, s. 15, the common law duty and right of making decisions regarding medical treatment for minors have traditionally been held by parents and guardians. Section 397.099, F. S., changes the common law to provide minors with the capacity to consent to rehabilitative or medical treatment for drug abuse or dependency and, in effect, grants to the minor the right to make his own decision as to whether he will seek such drug abuse treatment. The drug abuse or dependency-related treatment he obtains with his own consent should be strictly interpreted to mean direct medical treatment for drug abuse or dependency and not any and all medical attention or treatment which may become, or may be deemed to be, necessary during a process of drug abuse treatment or rehabilitation.