QUESTIONS: 1. Must all public agencies utilize the uniform travel authorization request form prescribed by s. 112.061(12)(a), F. S., and promulgated by the Department of Banking and Finance? 2. Are those public agencies, if any, which are not required to utilize the uniform request form required to utilize some form of request document of a suitable and possibly similar format, or may the requisite approval be granted orally? 3. In all instances of official travel funded by a public agency and governed by the provisions of s. 112.061, F. S., must the traveler obtain approval for said travel from the head of said public agency prior to the actual performance of said travel? 4. In the event that prior approval is required, and if travel is performed without prior approval, may the public agency involved reimburse the traveler when, subsequent to the performance of the travel, the agency reviews and approves the performance of said travel?
SUMMARY: Only state agencies are required to use the uniform travel authorization request form prescribed by s. 112.061(12)(a), F. S., and promulgated by the Department of Banking and Finance. Local governments are not required to utilize any travel authorization request form. However, when a local government promulgates a travel authorization request form, its use is subject to the terms and conditions of the promulgating agency. Under those circumstances when a travel authorization request form is required prior to travel, the agency head has the authority to ratify or validate travel performed without prior approval. AS TO QUESTION 1: Your first question is answered in the negative. Prior to its amendment in 1974, s. 112.061(12), F. S., provided that the Department of Banking and Finance would furnish travel vouchers to be used by all state officers, employees, and authorized persons when submitting travel expense statements to the Comptroller for approval and payment. By Ch. 74-365, Laws of Florida, the Legislature, among other things, added the requirement that a uniform travel authorization form shall be used by all state officers, employees, and authorized persons when requesting approval for the performance of travel. This subsection by its terms operates on "state officers and employees and authorized persons," and by the express mention of such persons it is deemed to have excluded from its operation all other agencies, as defined by s. 112.061(2)(a), F. S., and officers and employees of such other agencies of local government. Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433 (Fla. 1974). AS TO QUESTION 2: There is no general statutory provision requiring local governments to utilize any specific form or document with regard to accounting for the travel expenditures of its officers and employees. Section 112.061(10)(a), F. S., does provide, however, that the Department of Banking and Finance shall promulgate such rules and regulations and prescribe such forms as may be necessary to effectuate the purposes of this section (s.112.061, F. S.). There are not presently in effect any such rules and regulations or any such forms which are applicable to local governmental entities. In absence of rules and regulations of the Department of Banking and Finance, a county or municipality has the power to prescribe forms to be used for authorization to incur travel expenses. As to counties, see s. 1(f) and (g), Art. VIII, State Const.; s. 125.01(1)(s) and (x) and (3) and Part III, Ch. 125, F. S. As to municipalities, see s. 2, Art. VIII, State Const.; Ch. 166, F. S.; cf. AGO 074-18. Whether other units of local government, such as special districts, have the authority to prescribe rules, regulations, and forms to be used for authorization to incur travel expenses, it is necessary to examine the special legislation creating and controlling such district on an individual basis. Therefore, the Department of Banking and Finance is authorized to prescribe uniform practices and procedures which might be used as guidelines for units of local government. Absent rules and regulations of both the Department of Banking and Finance and the local government, there is no requirement that local governments use travel authorization forms. This opinion should not be construed as negating any requirement for vouchers when seeking reimbursement for the performance of travel. As my predecessor stated in AGO 068-12: Vouchers for payment of public funds, whether state, district or county, submitted or to be submitted to the paying agency should contain sufficient information for the paying agency, or its preauditors or officials and the postauditor to determine whether the requested payment is authorized by law. . . . AS TO QUESTION 3: As discussed above, absent rules and regulations of the Department of Banking and Finance, there is no requirement that local governments utilize travel authorization forms. And when such forms are used they are subject to the terms and conditions of the promulgating agency. AS TO QUESTION 4: Section 112.061, F. S., does not specifically provide for ratification of travel when an authorization request form prior to travel is required. However, it is generally recognized that a public body may ratify or validate a previously unauthorized act if such public body could have originally authorized the act. See generally, 20 C.J.S. Counties ss. 90 and 194; 81 C.J.S. States s. 123; 72 Am. Jur. States ss. 68 and 74; 16A C.J.S. Const. Law ss. 422 and 428; 15 McQuillin Municipal Corporations (3d ed.) s. 39.37. Therefore, as the agency head is empowered with the authority to approve an authorization form prior to travel, he has the authority to ratify or validate such travel performed without prior approval. Your fourth question is answered in the affirmative.