QUESTION: Does s. 206.605, F. S., authorize municipalities to use funds available in the revenue-sharing trust fund for municipalities for: Road, street, and sidewalk maintenance and construction, storm drainage systems, and rights-of-way acquisition; a traffic engineering department for the traffic engineer's staff and administrative expenses; traffic signals which include signalized street intersections and other signalized traffic control devices, and traffic signs which include traffic control signs (stop signs, yield signs, etc.), and street painting and/or marking (stop bars, turn lanes, etc.); or street lighting which includes maintenance of city-owned white-way lighting and electricity cost for all street lighting?
SUMMARY: Pursuant to s. 206.605(3), F. S., that portion of state revenue-sharing moneys attributable to the eighth-cent motor fuel tax may be used for the construction and maintenance of municipal roads, streets, and sidewalks; for storm drainage systems which are integral parts of the roads or streets and necessary for the maintenance of travel thereon; for road and street rights-of-way acquisition; for traffic control signals or devices and traffic signs and markings which are affixed to and an integral part of the road or street; and for the installation and maintenance of street lights on rights-ofway of municipal roads and streets. The moneys derived from the motor fuel tax may not be used for the funding of a municipal traffic engineering department's administrative or operating expenses, the traffic engineer's staff, or the operating expenses of "electricity costs for all street lighting." The revenue sharing trust fund for municipalities is created and established by s. 218.215(2), F. S., into which fund the revenues derived from the tax on motor fuel levied by s. 206.605, F. S., are deposited by the Department of Revenue. See ss. 206.605(2) and 218.21(6)(b), F. S. Section218.25, F. S., prescribes certain limitations on the use of revenue-sharing funds in excess of the guaranteed entitlement defined by s. 218.21(6) and designated in s. 218.21(6)(b), but such limitations are not applicable to the expenditures enumerated in your question. Therefore, s. 206.605(3) governs the use of revenues derived from the tax on motor fuel made available to municipalities under s. 206.605. Section 206.605(3), F. S., provides: Funds available under this section shall be used only for purchase of transportation facilities and road and street rights-of-way, construction, reconstruction, maintenance of roads and streets; for the adjustment of city-owned utilities as required by road and street construction, and the construction, reconstruction, transportation-related public safety activities, maintenance, and operation of transportation facilities. . . . (Emphasis supplied.) It is a well-recognized rule of statutory construction that when a statute enumerates the things upon which it is to operate or forbids certain things, it is to be considered as excluding from its operation all those not expressly mentioned. Ideal Farms Drainage Dist. v. Certain Lands, 19 So.2d 234, 239
(Fla. 1944); also see In re Advisory Opinion of Governor Civil Rights, 306 So.2d 520 (Fla. 1975). Moreover, the statute specifically states that the funds available under s. 206.605, F. S., shall be used "only" for the uses and purposes expressly enumerated therein. The word "only" is a word of restriction or exclusion, although it does not exclude that which is not within the contemplation of the provision of the statute in which it occurs, and, when used as an adverb, the word is defined to mean exclusively or solely. 67 C.J.S. Only, pp. 498-499; also see Moore v. Stevens, 106 So. 901, 904 (Fla. 1925); Thompson v. Squibb,183 So.2d 30, 32 (2 D.C.A. Fla., 1966). Thus, revenue-sharing moneys derived from the tax on motor fuel levied by s. 206.605 may be used or expended for those activities and purposes expressly enumerated or within the contemplation or purview of the things so enumerated in s. 206.605(3) and nothing else. Section 206.605(3), F. S., explicitly authorizes the use of revenue-sharing moneys derived from the tax on motor fuel for the construction and maintenance of roads and streets and road and street right-of-way acquisitions or purchases. Section 206.605(3), F. S., does not expressly or specifically provide that the revenue-sharing moneys derived from the tax on motor fuel may be used for the maintenance and construction of sidewalks. However, a sidewalk is generally considered and deemed to be part of a street or road since a sidewalk may be necessary to fulfill the purposes of a street or road. See Black's Law Dictionary p. 1552 (Rev'd 4th Ed.,) and ss.316.003(48), and 334.021(4)(b), and 334.03(9) and (15), F. S. Thus, revenue-sharing funds derived from the tax on motor fuel may be used or expended for maintenance and construction of sidewalks as portions of streets and roads, the construction and maintenance of which are clearly authorized by s. 206.605(3). After a review of various statutory and judicial definitions of sidewalks, the same conclusion was reached in a previous Attorney General Opinion dealing with this statute, AGO 071- 397. Section 206.605(3), F. S., does not expressly or specifically provide that funds derived from the tax on motor fuel may be used for storm drainage systems. However, I concluded that, although sidewalks are not specifically provided for by s. 206.605(3), they may qualify for such funds pursuant to this statute since sidewalks are generally considered and deemed to be part of a street or road, the construction and maintenance of which is clearly authorized or provided for by s.206.605(3). The same rationale applies to storm drainage systems as portions of a road or street. See ss. 334.021(4)(b) and334.03(9), F. S., defining roads, in part, to include culverts, drains, sluices, ditches, slopes, streets, and the rights-of-way. However, for a storm drainage system to be considered part of a street or road, it must be a necessary and integral part thereof and be reasonably connected with the street or road in proximity and purpose for the maintenance of travel thereon. A storm drainage system which is an integral part of the street or road and necessary for the maintenance of travel thereon would qualify for revenue-sharing funds derived from the motor fuel tax.
Section 206.605(3), F. S., does not expressly or implicitly provide that any funds may be used for the traffic engineer's staff and administrative expenses or for operating expenses of any nature whatever. Generally, the statute contemplates the purchase of property or property rights; see s. 334.021(4)(c), F. S., in connection with the establishment of public transportation systems and the construction and maintenance of capital projects in connection therewith. Therefore, under the rules of statutory construction and judicial definitions hereinbefore discussed, there exists no statutory authority for the funding of the traffic engineering department's administrative or operating expenses or the personnel or staff of the city traffic engineer out of the funds derived from the tax on motor fuel levied by s. 206.605. Cf. AGO 074-221. Section 206.605(3), F. S., does not expressly or specifically provide that revenue-sharing funds derived from the tax on motor fuel may be used for traffic control signals or devices and traffic signs. However, such items may also be considered to be part of a street or road. Also see ss.316.006(2), 316.131(1), 316.182(1) and (3), and 316.184, F. S. In AGO 074-221, it was stated: I likewise note that existing traffic lights and appurtenant structures are affixed to and an integral part of the road or street right-of-way and used thereon to assist and direct traffic movement. I therefore conclude that they too are part of the road or street . . . . As part of a street or road, the traffic control signals or devices and traffic signs and street paintings and markings which are affixed to and an integral part of the road or street and necessary for the maintenance of travel thereon would qualify for revenuesharing funds derived from the tax on motor fuel levied by s. 206.605, F. S. Section206.605(3), F. S., does not expressly or specifically state that revenue-sharing moneys derived from the tax on motor fuel may be used for the installation and maintenance of street lights. The installation and maintenance of street lights may also be considered to be connected with, and necessary for, the maintenance of travel on public streets or roads, and such lights installed on the right-of-way of such streets or roads are part of such streets and roads because of their annexation to the right-of-way and their use as a part of the road or street. However, the statute does not authorize the expenditure of the motor fuel tax moneys to defray the "electricity costs" for any such street lights. In a previous Attorney General Opinion, AGO 065-92, it was determined that electric lighting or street lights installed on and annexed to the right-of-way of a street or road are a part of such roads or streets and used as an integral part thereof. I affirmed or concurred in that conclusion in AGO 074-221. Attorney General Opinion 065-92 (dealing with an exception in the prevailing wage law for persons employed under contracts for "the construction, repair or maintenance of public roads or highways") stated: You will note from the foregoing statutory definition [s. 334.03(13), F. S., containing basically the same language found in s. 334.021(4), F. S., cited above] that rights-ofway and sidewalks are included as an integral part of the road. Accordingly, since the electric lighting would necessarily be installed on the right-of-way or sidewalks of a road or highway, it becomes a fixture by virtue of annexation and contemplated use. Therefore, it is a part of the road or highway. . . .
Thus, revenue-sharing funds derived from the tax on motor fuel may be expended for the installation and maintenance of street lights on the rights-of-way of municipal roads or streets under the terms of s. 206.605, F. S. A similar conclusion was reached in AGO 071-397, mentioned previously. In that opinion dealing with the same statute, it was determined that expenditures for parking facilities were within the terms enumerated in s. 206.605(3), F. S., and that parking facilities are necessary for the control or regulation of traffic congestion and for the safety of the general public. Section 206.605(3), F. S., does not expressly or implicitly provide that revenue-sharing moneys derived from the tax on motor fuel may be used for the operating expense of "electricity cost for all street lighting." The statute provides that the motor fuel tax moneys may be used for the "operation of transportation facilities." (Emphasis supplied.) "Transportation facilities" is defined by s. 334.021(4)(c), F. S., to mean the property or property rights of a type used for the establishment of public transportation systems established for the transportation of people and property, including all forms of transportation located on land, water, or air for the mass transportation of people [see s. 334.021(4)(a), F. S.]. Since the statute does not provide for any other operating costs, the rule expressio unius est exclusio alterius — express mention of one thing is the exclusion of another — is controlling; see Dobbs v. Sea Isle Hotel et al., 56 So.2d 341 (Fla. 1952), Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433 (Fla. 1974), so that, by clear implication, no revenue-sharing moneys derived from the tax on motor fuel may be expended for the operating expenses of "electricity cost for all street lighting." However, such moneys may be expended for initial capital outlay and for the maintenance of street lights installed on and annexed to the rights-of-way of municipal roads and streets as an integral part thereof and for the maintenance of public travel thereon.