QUESTION:
Since an applicant who qualifies for an exemption under either s.196.081, s. 196.091, or s. 196.101, F. S., could also qualify for an exemption under s. 196.031(3)(a), F. S., may the department reimburse taxing authorities for revenues lost on the first $4,500 of the exemption granted under ss. 196.081, 196.091, and 196.101, even though s. 196.032(2), F. S., specifically limits the reimbursement to revenues lost due to exemption granted under s.196.031(3)?
SUMMARY:
Qualified counties, municipalities, or special districts are entitled to receive an annual payment from the Local Government Additional Homestead Exemption Trust Fund in an amount equal to revenue lost as a result of the additional exemptions provided in s. 196.031(3), F. S. The Legislature has not authorized replacement funds for revenue lost as a result of exemptions claimed and received pursuant to s. 196.081, s. 196.091, or s.196.101, F. S. The entitlement to and the receipt of an exemption authorized under s. 196.081, s. 196.091, or s. 196.101 would preclude any exemption under s. 196.031(3) and prevent all or any part of said exemption from being utilized as a basis for the calculation of the replacement funds authorized under s. 196.032, F. S. The legislative intent clearly expressed in ss. 196.032 and196.031(4) is to replace only that revenue lost `as a result of the additional exemptions provided in § 196.031(3), F. S.' Revenue lost as a result of any exemptions found elsewhere in Ch. 196, F. S., was not intended to be replaced out of the Local Government Additional Homestead Exemption Trust Fund.
Your question is answered in the negative.
Section 196.032, F. S., has its genesis in Ch. 75-264, Laws of Florida, and created the Local Government Additional Homestead Exemption Trust Fund. Section 196.032(2) provides in part:
 Each qualified county, municipality, or special district is entitled to receive an annual payment from the fund in an amount equal to the revenue lost as a result of the additional exemptions provided in s. 196.031(3). Revenue lost shall be calculated by multiplying 96 percent of the additional exemption granted in s. 196.031(3) by the applicable millage. A qualified local government is one which either: . . . . (Emphasis supplied.)
It is quite clear that the only exemptions contemplated are those found in s. 196.031(3), F. S. The exemptions provided for in ss.196.081, 196.091, and 196.101, F. S., are not mentioned therein. The rule expressio unius est exclusio alterius applies — the express mention of one thing is the exlusion of another — so that by clear implication no other exemptions may be included in or written into ss. 196.031(3) or 196.032(2), F. S. Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433 (Fla. 1974); Thayer v. State,335 So.2d 815 (Fla. 1976). These last three mentioned statutes grant total
exemption on property owned and used as a homestead by certain veterans and nonveterans, cf. AGO 076-228, who can qualify for such exemption under the pertinent statute, while s. 196.031
grants, in most instances, limited or partial exemptions.
It is readily apparent that some overlapping occurs and certain veterans and nonveterans who qualify under s. 196.081, s. 196.091, or s. 196.101, F. S., granting total exemption, could also qualify for the limited additional homestead exemption under s.196.031(3), F. S., although they would lose their entitlement to exemption under the first cited statutes. The Legislature has not specifically spoken to this problem and thus the legislative intent must be gleaned from other authorized and recognized sources.
An examination of the title to the act is in order since the title may be considered to aid in determining legislative intent. Stateex rel. Szabo Food Services, Inc. v. Dickinson, 286 So.2d 529. The title provides:
 AN ACT relating to homestead exemption; amending s. 196.031(3) and (4), Florida Statutes, 1973, to extend the additional exemption provided in subsection (3) for persons over sixty-five (65) to ad valorem taxes levied by all local taxing authorities and to increase the exemption provided by s. 196.031(1), Florida Statutes, as to totally and permanently disabled persons; providing for a maximum combined exemption under ss. 196.202 and 196.031, Florida Statutes; creating s. 196.032, Florida Statutes, providing replacement revenues through a trust fund; adding subsection (4) to s. 196.011, Florida Statutes, 1973, relating to annual application requirement; amending s. 196.197, Florida Statutes, 1973, relating to exemption of property used by hospitals and similar institutions, to remove the limitation of its application to levies for school operating purposes; repealing chapter 74-11, Laws of Florida, relating to homestead exemption; providing an effective date. (Emphasis supplied.)
It is readily apparent that no reference is made therein to s.196.081, s. 196.091, or s. 196.101, F. S. The entire thrust of the act, as evidenced by the title, is aimed at providing anadditional exemption for certain persons, either by extension or increase, and creating a trust fund to provide replacement revenues for funds lost by virtue of the additional or increased
exemption. No replacement fund was established for funds lost by virtue of other exemptions, including those prescribed in ss.196.031(1) and 196.202, F. S. If no fund had been established, no right to replacement funds would exist. The establishment of the replacement fund was a legislative decision resting solely within its discretion.
Furthermore, a total exemption granted pursuant to either s.196.081, s. 196.091, or s. 196.101, F. S., would not be a limited exemption granted pursuant to s. 196.031(3), F. S., and while in some instances, as aforementioned, an applicant might be able to qualify therefor, he would lose his entitlement to total exemption under the first mentioned statutes.
The Legislature has indicated that the fund is to be used to replace revenue lost as a result of only the additional or increased exemption provided for in s. 196.031(3), F. S. Section196.031(4), F. S., provides:
 The [property appraisers] of the various counties shall each year compile a list of taxable property and its value removed
from the assessment rolls of each local governmental unit as a result of the increased exemptions provided in subsection (3), as well as a statement of the loss of tax revenue to each such governmental unit, and shall deliver a copy thereof to the Department of Revenue upon certification of the assessment roll to the tax collector. (Emphasis supplied.)
The language of the subsection clearly demonstrates that the Legislature is concerning itself only with the financial effects
of the increased exemptions provided in subsection (3). Inasmuch as the exemptions provided for in ss. 196.081, 196.091, and196.101, F. S., were in existence at that time, granting exemptions from ad valorem property taxation — thereby having financial impact on local governmental bodies — it is readily apparent that the Legislature in establishing the Local Government Additional Homestead Exemption Trust Fund was concerned only about the additional financial impact resulting from the additional or increased exemptions provided for therein. Nowhere within the act has the Legislature indicated that it was concerned about the financial impact of any other exemptions found in Ch. 196, F. S.
To illustrate, if ss. 196.031(3) and (4) and 196.032, F. S., had never been enacted, local governmental units would have experienced a financial impact resulting from loss of revenues from other tax exemptions found in Ch. 196, F. S., including ss.196.031(1), 196.081, 196.091, and 196.101. The statutes make no provision for such revenue loss. Assuming that ss. 196.031(3) and (4) and 196.032 were repealed this session, the local governmental units would be in the same position, insofar as revenue loss resulting from other exemptions is concerned, as they would have been in had such statutes never been enacted.
It follows, therefore, as night follows day that it is only those revenues lost as a direct result of the enactment of the additional or increased exemption in s. 196.031(3), F. S., which the Legislature sought to replace. Revenues lost as a result of any other exemption, including, but not limited to, those authorized in s. 196.031(1), s. 196.081, s. 196.091, or s.196.101, F. S., were not intended to be replaced from the trust fund. Had the Legislature intended differently, it could easily have said so or, for that matter, could so provide in the future.
There may be situations (probably rare) when a person qualified to receive an exemption under either s. 196.081, s. 196.091, or s.196.101, F. S., elects not to seek such exemption but instead to seek exemption under s. 196.031(3), F. S. This would be a proper exemption to be allowed under s. 196.032(2), F. S. However, a person could not seek an exemption under s. 196.031(3) in addition to an exemption under s. 196.081, s. 196.091, or s. 196.101. A person's entitlement to and receipt of exemption under s. 196.081, s. 196.091, or s. 196.101 would preclude any exemption being granted under s. 196.031(3) and could not be included in part in the calculation for replacement funds under s. 196.032, F. S. Such loss of revenue would not be a loss of revenue `as a result of the additional exemptions provided in s. 196.031(3), F. S.'
Your question is answered in the negative.
Prepared by: Larry Levy Assistant Attorney General