George S. Palmer, M.D. Executive Director Board of Medical Examiners Tallahassee
QUESTION:
Are formerly licensed nurses now operating as physicians' trained assistants and who are not presently licensed under Ch. 464, F. S., as professional or practical nurses but are operating under s. 458.13(4), F. S., as physicians' trained assistants in violation of the Nurses Practice Act (Ch. 464, F. S.) when such individuals are rendering services under the responsible supervision and control of a duly licensed physician?
SUMMARY:
Section 458.13(4), F. S., does not operate to except formerly licensed nurses (but not presently licensed as nurses under Ch. 464, F. S.) rendering services as physicians' trained assistants under the responsible supervision and control of licensed physicians pursuant to s. 458.13(4), F. S., from the operative force or regulatory provisions of the state nursing law, Ch. 464, F. S. The determination of whether the specific services rendered by such physicians' trained assistants fall within the regulatory purview of the nursing law must be made by the State Board of Nursing within whose regulatory jurisdiction the practice of nursing lies. The affected persons may utilize the procedure for obtaining declaratory statements prescribed by s. 120.565, F. S., to secure a determination of the applicability of the provisions of the nursing law or any rule of the State Board of Nursing to such persons and the specific services being rendered by them to the licensed physician by whom they are employed.
The statutory history of the provisions of s. 458.13(4), F. S., may assist in analyzing its operative effect and meaning. In 1927 the Legislature enacted Ch. 12285, Laws of Florida, which, in defining the practice of medicine, made various exceptions from the act's operation:
 This act shall not be construed to affect . . . any office assistant of a legally licensed practitioner of medicine, rendering such assistance as is usually rendered by a nurse, and who shall work only under the direct supervision and express orders of his or her employer, in his office, and not otherwise. (Emphasis supplied.)
The Legislature in 1951 enacted Ch. 26551, Laws of Florida, which was an act amending s. 458.13, F. S.:
458.13, definition of practice of medicine; limitations, exceptions, etc. —
(2) This chapter shall not be construed as applying to:
 (j) Any office assistant to a legally licensed practitioner of medicine in this State who renders only such assistance as usually rendered by nurses and who shall work under the direct supervision and express orders of his employer and in his employer's office and not otherwise. (Emphasis supplied.)
Section 5 of Ch. 29867, 1955, Laws of Florida, in amending s. 458.13, F. S., repealed paragraph (j) of subsection (2) by omission. (See AGO 071-395 for the rule on repeals by omission.)
Section 3, Ch. 70-92, Laws of Florida, amended s. 458.13, F. S., by adding subsection (4) thereto `excepting from the definition ofpractice of medicine services rendered by personnel under the responsible supervision and control of a licensed physician' (Emphasis supplied.), see title of Ch. 70-92, which subsection now appears in Florida Statutes 1977 in substantially identical language. Section 458.13(4), F. S. provides:
 Nothing in this section shall be construed to prohibit service rendered by a physician's trained assistant, a registered nurse midwife (nurse obstetric associate), or a licensed practical nurse, if such service be rendered under the responsible supervision and control of a licensed physician. (Emphasis supplied.)
None of the statutes set forth above mention the statute regulating the practice of nursing and making it unlawful for any person to practice nursing unless such person has been duly licensed under the provisions thereof (Ch. 464, F. S.); nor did any of such statutes purport to make any exceptions or exemptions from the regulatory provision of Ch. 464, F. S. The expressed legislative intent and purpose in all of the aforecited statutes, for the purposes of this opinion, was to provide for exceptions or exemptions from the practice of medicine. It is a well-settled rule of statutory construction that where statutes enumerate or expressly mention the things on which they are to operate (here, the practice of medicine), all things not expressly mentioned therein (here, the practice of nursing) are excluded from their operation. Ideal Farms Drainage Dist. v. Certain Lands,19 So.2d 234 (Fla. 1944), Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952), Interlachen Lake Estates, Inc. v. Snyder, 304 So.2d 433
(Fla. 1973). I therefore must conclude that s. 458.13(4), F. S., does not operate to except or exempt formerly licensed nurses now operating under s. 458.13(4), F. S., as physicians' trained assistants (but who are not duly licensed under the provisions of Ch. 464, F. S.) from the operative force of the regulatory provisions of the nursing law, Ch. 464, F. S. Whether the services rendered by such trained assistants fall within the regulatory purview of Ch. 464, F. S., is a question which is committed to and within the jurisdiction of the State Board of Nursing. The affected physicians' trained assistants may, pursuant to the provision of s. 120.565, F. S., submit to the Board of Nursing a petition for declaratory statement as to the applicability of any provision of Ch. 464, F. S., or any rule of that agency to such trained assistants and the specific services being rendered by them under the responsible supervision and control of the licensed physician by whom they are employed. Parenthetically, it is clear that s. 464.22, F. S., does not in express terms except or exempt physicians' trained assistants from the operative force of Ch. 464, F. S., unless such person should in certain circumstances come under the exception provided for by s. 464.22(2), F. S., when furnishing `[a]ssistance . . . in the case of an emergency.' Cf. s. 458.13(2)(d), F. S., and Baxter v. State, 47 So.2d 764, 767
(Fla. 1950).
Prepared by: Walter Kelly, Assistant Attorney General