Thomas R. Brown Executive Director Department of General Services Tallahassee
QUESTION:
Is the Department of General Services empowered by law to lease land from the public or private sectors for parking for state employee at state regional service centers and, in turn, lease spaces to individual employees, using payroll deductions?
SUMMARY:
Neither the Department of General Services nor the Division of Building Construction and Property Management is authorized by law to lease land without specific legislative approval for parking for state employees at or near state regional service centers.
Your question is answered in the negative.
It is axiomatic that, in that absence of a statute expressly or by necessary implication authorizing or requiring the department to lease land and do those things comprehended by your question, the department is without statutory authority to do so. See, e.g., State of Florida ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert. denied,300 So.2d 900 (1974). Florida Industrial Com'n. v. National Trucking Co., 107 So.2d 397 (1 D.C.A. Fla., 1958), and AGO 074-352. Moreover, a statute enumerating the things on which it is to operate must be construed as excluding from its operation all things not expressly mentioned therein. Ideal Farms Drainage Dist., et al. v. Certain Lands, 19 So.2d 234 (1944), Dobbs v. Sea Isle Hotel, et al., 56 So.2d 341 (1942), and Interlachen Lakes Estate, Inc. v. Snyder, 304 So.2d 433 (1974).
In rendering this opinion one must consider s. 272.124, F. S., which was brought into the statutes by s. 3 of Ch. 65-385, Laws of Florida, and its legislative history. Section 272.124 provides:
 The Division of Building Construction and Property Management of the Department of General Services is authorized and empowered to make and enter into any contract or agreement with any person or agency, public or private, to lease, buy, acquire, construct, hold or dispose of real and personal property necessary to carry out the objects and purpose of this act, provided however no contract may be entered into without specific authorized of the Legislature for the project. (Emphasis supplied.)
Upon examination of Ch. 65-385, Laws of Florida, it appears clear that s. 272.124, F. S., applies and relates to the acquisition of land for state buildings and facilities in the Capitol Center in Tallahassee (see the title and s. 1 of Ch. 65-385), not land and facilities in regional service centers located outside of the capital. In fact, Ch. 272, F. S., appears to relate and apply in the main to the Capital Center and the grounds contiguous thereto. The only exceptions under Ch. 272 are s. 272.161(6) and (7), brought into the statutes by Ch. 72-124, Laws of Florida, but these subsections do not empower the Department of General Services to lease land for parking purposes outside of the Capitol Center in Tallahassee.
Further, it can be stated that Ch. 69-106, Laws of Florida, the Governmental Reorganization Act (especially s. 22(5) thereof), as amended, does not, for the purposes of this opinion, amend Ch. 65-385, Laws of Florida, or s 272.124, F. S., in any material manner. Compare ss. 272.03, 272.07, 272.09, and 272.16, F. S., relating to state buildings and the grounds and squares contiguous thereto; the establishment of parks and drives on such grounds and squares and the maintenance and regulation of the same, including traffic and parking thereon in the Capitol Center at the state capital; the management and maintenance of the Capitol Center; and the assignment of parking areas within the Capitol Center area. While s. 272.122, F. S., authorizes the Division of Building Construction and Property Management of the department to acquire land and buildings needed by state government or any agency thereof, no such building or land may be acquired under that section without specific legislative approval. The authority and responsibility delegated to the division under s. 255.245, F. S., (custodial and preventive maintenance and security and allocation of space of state-owned office buildings and adjacent grounds) and s. 255.25, F. S., (approval of building construction plans or leases of buildings for state use) do not expressly or by necessary implication comprehend or include the power to lease land for parking purposes at or near state regional service centers.
Applying the aforecited principles of law to the statutes discussed above and to the authority delegated thereby to the Division of Building Construction and Property Management and the Department of General Services, I must conclude that neither the department nor the division is authorized by law to lease land without specific legislative approval for parking for state employees at or near state regional service centers.
Prepared by:
Randy Schwartz Assistant Attorney General