Gerald A. Lewis Comptroller Tallahassee
QUESTION:
Are earnings on investments that are reinvested rather than deposited in the State Treasury subject to a deduction according to s. 215.20, F. S.?
SUMMARY:
Until legislatively or judicially determined otherwise, earnings on investments or reinvestments made or held by an affected state agency pursuant to ss. 215.44-215.53, F. S., are not subject to the 4-percent deduction for the pro rata share of the cost of general government described in and required by s. 215.20, F. S., to be made from the moneys and trust funds described and listed in s. 215.22, F. S., and paid into the General Revenue Fund.
Your question is answered in the negative.
Section 215.20, F.S., provides that certain moneys and trust funds enumerated in s. 215.22, F. S. 1977, shall be subject to a deduction of 4 percent to defray their pro rata share of the cost of general government paid from the General Revenue Fund. The moneys and trust funds listed in s. 215.22, as amended, are funds derived from taxes, revenues, licenses, and fees, levied, charged, collected, and deposited in or transferred to the particular funds listed in s. 215.22 by or for the state agencies charged with the administration of such funds. These statutes have nothing to do with investment of moneys not needed for the immediate cash requirements of the affected state agencies and funds. Indeed, when the precursor statutes were first enacted in 1941 by Ch. 20890, Laws of Florida, ss. 215.44-215.51, F. S., and ss. 215.52
and 215.53, F. S., did not exist, the latter sections having been first brought into the statutes in 1957 and s. 215.515 F. S., being enacted in 1977 by Ch. 77-270, Laws of Florida. Section215.515 provides for the cost of the investment services rendered by the Board of Administration to any agency or fund designated in ss. 215.44-215.53 and appropriates the necessary sums for such purpose from earnings on investments held by each such agency or fund. Reading ss. 215.22 and 215.37, F. S., as amended, together, I am of the view that the moneys and funds therein denominated constitute taxes, licenses, fees, and revenues levied, assessed, charged, and collected by or for the affected state agencies charged with the administration and enforcement of the various laws enumerated in ss. 215.22 and 215.37, as amended, and paid by the persons regulated by such agencies and laws. Such moneys and funds have no reference to and do not embrace subsequent earnings on any investments or reinvestments that may be made or held by any of such agencies after the collection and receipt of such moneys from funds not immediately needed for their operational expenses. The Department of Banking and Finance has promulgated Rule 3A-40.101(1), F.A.C., which provides inter alia that the 4-percent service charge is assessed on net receipts pursuant to ss. 215.20 and 215.22. The net receipts referred to in that rule appear to mean the funds collected pursuant to the enumerated sections of the statute and not to earnings on investments or reinvestments made pursuant to ss. 215.44-215.53.
Section 215.37, F. S., as amended, provides that all fees, licenses, and other charges assessed by each regulatory board within the Department of Professional Regulation and collected by the department shall be deposited in the State Treasury into the Professional Regulation Trust Fund. Section 215.31, F. S., requires all revenues collected or received under the authority of state laws by any state agency or officer to be promptly deposited in the State Treasury and immediately credited to the appropriate fund. Section 215.32, F. S., requires all moneys received by the state to be deposited in the State Treasury unless specifically provided otherwise by law and deposited in and accounted for within, among others, the General Revenue Fund and `[t]rust funds.' Other statutes, such as ss. 206.45 and 210.20, F. S., similarly require such revenue collections to be deposited in the Treasury. It is the aforesaid tax, and revenue collections and deposits thereof in the Treasury made by or for the particular state agency or fund, from which a 4-percent deduction for the cost of general government is made; and in legal effect the deduction is made from the amounts so collected and deposited as of the time of such collection and deposit. Although s. 215.23, F. S., permits the required deductions to be paid into the General Revenue Fund for the prescribed quarterly periods, such payments into the General Revenue Fund and the amounts of the required deductions so paid are calculated or determined on the basis of the sums of such tax, revenue collections, and deposits made by or for a particular agency or fund. No law has been drawn to my attention that makes any provision for the deduction provided for in ss. 215.20 and 215.22, F. S., to be made from any other moneys or receipts thereafter accruing to the credit of the designated funds. The only charge against investments, or earnings from investments, for the investment services performed by the Board of Administration for a particular agency or fund referred to in s.215.44, F. S., is that provided for in s. 215.515, F. S.; and that charge or deduction is paid from the earnings on investments held by the particular agency or fund for whom the Board of Administration rendered such investment services. Section 215.22, as amended, in effect, states that only those moneys and trust funds described therein are the moneys or funds from which the deduction required by s. 215.20 is to be made. In sum, no statutory authority exists authorizing or requiring the deduction prescribed in ss. 215.20 and 215.22 to be made from investments or earnings on investments held by the agency or funds referred to in those sections.
It is a fundamental rule of law that administrative agencies and state officers possess only such authority or power as may have been conferred on them by law. See 81A C.J.S. States s. 120, and State of Florida ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed,300 So.2d 900 (Fla. 1974). Implied authority cannot exist in the absence of some express grant of authority or the express imposition of a duty. See 67 C.J.S. Officers ss. 190, 192, and AGO's 075-120 and 078-101. The statutes specifically direct the deduction required by s. 215.20, F. S., to be made from the tax and revenue collections described in s. 215.22, F. S., and the charges for the investment services of the State Board of Administration performed for a particular agency or fund to be paid from the earnings on investments held by a particular agency or fund. No mention is made in any of the aforecited statutes of any other moneys, funds, or charges against or deductions from any other moneys, funds, or any other disposition or transfers thereof to the General Revenue Fund. Therefore the rule expressio uniusest exclusio alterius applies so that by clear implication any other charges against or deductions from any other moneys or funds or any other disposition or transfers thereof to the General Revenue Fund are prohibited. See In re Advisory Opinion of Governor Civil Rights, 306 So.2d 520 (Fla. 1975), Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433 (Fla. 1973), Ideal Farms Drainage District et al. v. Certain Lands, 19 So.2d 234
(Fla. 1944), and Alsop v. Pierce, 19 So.2d 799. If the Legislature had intended to provide otherwise or for the disposition or transfer of other charges or deductions from other moneys, it would have done so clearly and unequivocally. See Dobbs v. Sea Isle Hotel, et al., 56 So.2d 341 (Fla. 1952).
In summary, until legislatively or judicially determined otherwise, I am of the opinion that earnings on investments or reinvestments made or held by an affected state agency pursuant to ss. 215.44-215.53, F. S., are not subject to the 4-percent deduction for the pro rata share of the cost of general government described in and required by s. 215.20, F. S., to be made from the moneys and trust funds described and listed in s. 215.22, F. S., and paid into the General Revenue Fund.
Prepared by:
William D. Townsend Assistant Attorney General