QUESTION:
Is an individual released on so-called mandatory conditional release (based on accumulation of statutory gain-time allowances and deductions) and under supervision by the Department of Offender Rehabilitation pursuant to s. 944.291, F. S., required to contribute $10 monthly toward the cost of supervision and rehabilitation pursuant to s. 945.30, F. S. (1976 Supp.)?
SUMMARY:
The $10 monthly payment duty imposed by s. 945.30, F. S. (1976 Supp.), applies only to persons placed on parole by the Parole and Probation Commission and persons placed on probation by the courts. It does not apply to those persons on so-called mandatory conditional release (those who have been released by virtue of statutory gain-time allowances or deductions).
In AGO 076-184, I concluded that persons on so-called mandatory conditional release `are excluded from the operation of s. 945.30.' Subsection (1) of s. 944.291, F. S., provides that a prisoner who has served his term or terms, less allowable statutory gain-time deductions and extra good-time allowances, as provided by law, shall, upon release, be under the supervision and control of the Department of Offender Rehabilitation `as if on parole . . . .' You have asked whether the latter provision for supervision of persons so released, that they be supervised `as if on parole,' would constitute sufficient statutory authority to require the application of s. 945.30 to individuals on so-called mandatory conditional release.
I must reiterate my conclusion in AGO 076-184 and state my opinion that the language of s. 944.291, F. S., does not provide the kind of clear, express statutory authority which would have to exist in order for the payment duty imposed upon parolees and probationers by s. 945.30, F. S. (1976 Supp.), to be extended to persons released by virtue of having been granted statutory gain-time deductions and allowances. Such releasees constitute a separate, identifiable class of releasees, apart from either parolees (who are those persons actually placed on parole by the Parole and Probation Commission) or probationers (who are those persons actually placed on probation by the courts). It is a fundamental rule of statutory construction that the express mention by the Legislature of one thing excludes from the operation of the statute other things not mentioned. Dobbs v. Sea Isle Hotel,56 So.2d 341, 342 (Fla. 1952). Accord: Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433 (Fla. 1973). Application of this rule of construction to s. 945.30 leads me to conclude that the Legislature's express mention of persons on parole or probation
has the effect of excluding from the operation of that statute those persons released by virtue of statutory gain-time allowances and deductions. The granting of gain-time allowances, by virtue of which a prisoner is released on so-called mandatory conditional release, is placed by statute (ss. 944.27 and 944.271, F. S. [1976 Supp.]) with the Department of Offender Rehabilitation, not with the Parole and Probation Commission or the courts. In addition, not all of such releasees are even subject to the supervision provision of s. 944.291, Subsection (2) of s. 944.291 excludes from the operation of that statute's supervision requirement those `prisoners, who, at the time of sentence, could not have earned at least 180 days' gain-time.' Thus, a certain, and possibly sizable, percentage of those released by virtue of statutory gain-time allowances and deductions do not even require supervision by the Department of Offender Rehabilitation. It is my understanding that the Legislature reasoned that there is a basic, minimum period of supervision required if any meaningful rehabilitation is to be possible, and that supervision for a period of time less than 180 days would not be worthwhile.
In a previous opinion (AGO 075-253) concerning s. 945.30, F. S., I concluded that parolees and probationers from another state under supervision in Florida by Florida officials, and Florida parolees and probationers under supervision in another state, because of lack of clear statutory requirement therefor, are not subject to the $10 monthly payment duty imposed by s. 945.30. To hold that persons on so-called mandatory conditional release are subject to the duty imposed by s. 945.30, absent clear statutory language establishing such a duty, would be inconsistent with the reasoning and conclusion of AGO 075-253 and with the decision in State exrel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628,636 (1 D.C.A. Fla., 1974), cert. dismissed, 300 So.2d 900 (Fla. 1974), wherein the court made it clear that `[i]f there is a reasonable doubt as to the lawful existence of a particular power which is being exercised, the further exercise of the power should be arrested.' Accord: Edgerton v. International Company,89 So.2d 488, 490 (Fla. 1956).
It would seem most appropriate that this matter be brought to the attention of the Legislature, so that a policy determination may be made as to whether persons on so-called mandatory conditional release (or at least those actually receiving supervision) should be required by statute to pay $10 per month toward the cost of their supervision and rehabilitation, along with parolees and probationers. In this regard, it would also be advisable to seek legislative clarification as to what, if any, conditions the Parole and Probation Commission or the Department of Offender Rehabilitation may impose upon persons released by virtue of statutory gain-time allowances and deductions and as to what procedures exist or should be provided in regard to revocation of statutory gain-time allowances and deductions. Until such legislative clarification is provided, and unless judicially determined otherwise, it is my opinion that the payment duty imposed by s. 945.30, F. S. (1976 Supp.), applies only to those individuals placed on parole by the Parole and Probation Commission and those individuals placed on probation by the courts.
Prepared by: Jerald S. Price Assistant Attorney General