HENDRY, Judge.
Appellant, plaintiff below, the State of Florida, appeals from a “final order granting motion to dismiss amended complaint.” The final order is self-explanatory and is set forth as follows:
“This action was heard on Defendant’s Motion to Dismiss First Amended Sworn Complaint filed by defendants.
“1. Plaintiff seeks, in Count 1, injunc-tive relief from deceptive and unfair trade practices and, in Count II, an accounting and disgorgement of all illicit proceeds.
“2. Plaintiff contends Defendants operated a clinic at 620 Southwest 1st Street where Defendants conducted pregnancy examinations and abortions. It is alleged defendants were unlawfully engaged in the practice of medicine; the principals not being duly licensed to practice medicine.
“3. Upon this showing and a hearing this Court issued a temporary injunction prohibiting the further unlawful practice of medicine at this location.
“4. Defendant has filed a motion to dismiss Count II of the Complaint for, inter alia, failure to state a cause of action. This Count demands an accounting for all income obtained from January 22, 1975 to date for any activities of defendants at 620 Southwest 1st Street. Upon completion of this accounting all properties and instrumentalities used by defendants and all proceeds and income obtained by defendants at this location would forfeit to the State.
“5. All actions under Count II are brought pursuant to Chapter 501, Part II, Florida Statutes entitled Florida Deceptive and Unfair Trade Practices Law popularly known as the “little F.T.C. Act.” Sections 501.204 and 501.205 Florida Statutes are constitutional. Department of Legal Affairs v. Rogers, 329 So.2d 257 (Fla.1976).
“6. Section 501.207 Florida Statutes of the Act provides all remedies for violations of the Act. The Office of the State Attorney, who is an enforcing authority under the Act, may bring an action to obtain a declaratory judgment, 501.-207(l)(a), or to enjoin any violations, 501.-207(l)(b). The question arises here whether the State Attorney may obtain damages on behalf of the State under 501.207(l)(c). It appears to me they may not.
“7. 501.207(l)(c) explicitly provides all actions for actual damages shall be brought on behalf of an( aggrieved consumer. The first Complaint was dismissed for failure to name aggrieved consumers and the Amended Complaint does not remedy this omission. The State, in its memorandum to this Court at page 42, states it is not seeking any damages in its own name yet that is what their Complaint expressly requests. It is not possible for both the State and aggrieved consumers to obtain actual damages suffered by the consumers; to hold otherwise would subject Defendants to double damages.
“IT IS THEREUPON
“ADJUDGED that the First Amended Sworn Complaint is dismissed without leave to amend.
“ORDERED at MIAMI, DADE COUNTY, FLORIDA on 20th December, 1976.”
Section 207 of Chapter 501, Florida Statutes (1977), clearly provides the methods by which the State may enforce the provisions of the “little F.T.C. Act.” The State’s attempted enforcement of Chapter 501 based upon a parens patriae action was neither a method provided for by the statute nor grounded upon the law in Florida. Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla.1952); Alsop v. Pierce, 155 Fla. 185, 19 So.2d 799 (1944); Shell Oil Company v. State, 295 So.2d 648 (Fla.3d DCA 1974).
Accordingly, the order appealed from is hereby affirmed.
Affirmed.