362 So.2d 924 (1978)
Raymond Lynwood GRAHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 52135.
Supreme Court of Florida.
September 14, 1978.
Ben W. Thompson, Jr., Tallahassee, for appellant.
*925 Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
HATCHETT, Justice.
In this case, we review an order of the county court upholding the constitutionality of Section 370.13(2)(f), Florida Statutes (1974) which makes it unlawful:
... for any person to molest any [stone crab] traps, lines, or buoys, as defined herein, belonging to another without permission of the permit holder.
Jurisdiction vests under Article V, Section 3(b)(1), Florida Constitution. We affirm in part and reverse in part.
Appellant, the captain of the "Frances R," a shrimp boat, was charged with two violations of Section 370.13(2)(f), Florida Statutes (1974). On the day the alleged violations occurred, Captain Graham and several other shrimpers were trawling in an area six miles off the shore of Steinhatchee. The area was also being fished by crabbers, specifically, Glenn Filmon and his son, James. Both had, in preceding days, noticed the loss of several traps and reported this fact to the Marine Patrol. Consequently, two patrolmen accompanied the Filmons to the fishing area where the traps were located. Upon entering the area, the officers observed the "Frances R" in the vicinity of the traps. As they approached the boat, they also observed two traps, belonging to the Filmons, in appellant's nets. The boat was ordered to stop, at which time the traps and buoys were thrown overboard. One officer observed crew members cutting the lines from the traps.
Appellant was convicted, placed on two years probation, and fined $500.
Seven points are raised on appeal: (1) whether Section 370.13(2)(f), Florida Statutes (1974) is unconstitutionally vague because it fails to inform the average citizen of the conduct proscribed; (2) whether the statute is overbroad because it proscribes essentially innocent conduct; (3) whether the statute is unconstitutional as applied to appellant; (4) whether the statute provides for cruel and unusual punishment; (5) whether the trial judge erred in denying appellant's motion to suppress; (6) whether the trial judge erred in denying appellant's motion for new trial based on juror misconduct; and (7) whether the trial judge erred in sentencing appellant without benefit of a presentence investigation report.
Appellant initially challenges the statute on the ground that it is impermissibly vague, arguing that the term "molest" is so indefinite that men of common intelligence must necessarily guess at its meaning and differ as to its application. State v. Wershow, 343 So.2d 605 (Fla. 1977). We disagree. Generally, words in a statute should be given their plain and ordinary meaning. Pedersen v. Green, 105 So.2d 1 (Fla. 1958), and American Bankers Life Assurance Co. of Florida v. Williams, 212 So.2d 777 (Fla. 1st DCA 1968). Webster's Third New International Dictionary defines "molest" as interfering or meddling with a thing so as to injure or disturb it. We find this common definition sufficient to warn an average man of the conduct prohibited.
Appellant also attacks the statute on grounds of overbreadth, arguing that the statute excludes the element of criminal intent and thereby prohibits essentially innocent conduct.[*] We need not reach this issue, because the trial judge in this case specifically narrowed the statute to acts willful or malicious in nature. The jury was so instructed.
One fatal flaw exists, however, because the trial court's instructions included the following charge:
... and the Court charges you further that it must be done wilfully or maliciously or done through negligence of the Defendant... .
While criminal responsibility may rest on acts of negligence, such negligence is generally *926 of a higher degree than that required to establish civil liability. In Russ v. State, 140 Fla. 217, 191 So. 296 (1939), this court stated:
This Court is committed to the rule that the degree of negligence required to sustain imprisonment should be at least as high as that required for the imposition of punitive damages in a civil action. The burden of proof authorizing a recovery of exemplary or punitive damages by a plaintiff for negligence must show a gross and flagrant character, evincing reckless disregard of human life or of the safety of persons exposed to its dangerous effects; or that entire want of care which would raise the presumption of indifference to consequences; or such wantonness or recklessness or grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others, which is equivalent to an intentional violation of them. [At 191 So. 298.]
See also, State v. Greene, 348 So.2d 3 (Fla. 1977), and State v. Winters, 346 So.2d 991 (Fla. 1977).
Since we are unable to determine whether or not appellant's conviction was predicated on a finding of willfulness or negligence, we must reverse and remand for new trial.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.
NOTES
[*] We note that Chapter 77-142, § 1, Laws of Florida, amends § 370.13(2)(f) as follows:

It is unlawful for any person to ... willfully molest any traps, lines, or buoys, as defined herein.... [emphasis added]