Ernest Ellison Auditor General Tallahassee
QUESTION:
Under what circumstances is it proper for the board of county commissioners to pay, from its own funds, such amounts as are required to be forwarded to the state by the `employer' of the officers and employees of the office of the clerk of the circuit court because of retirement and social security contribution requirements as to a clerk of the circuit court who operates under funds budgeted and paid over to his office by a board of county commissioners and as to a clerk of the circuit court who operates his office from fee receipts and whose net income is insufficient to make the required payments?
SUMMARY:
If the clerk of the circuit court, as county clerk, auditor, and custodian of county funds, operates his office from fee receipts, the board of county commissioners may pay from its own funds the retirement and social security contributions required by Ch. 121 to be forwarded to the Division of Retirement by the clerk as the `employer' of the officers and employees of the clerk's officeprovided that the income of the clerk as a constitutional fee officer is insufficient to make such contributions. If the clerk of the circuit court, however, operates under funds budgeted and paid over to his office by the board of county commissioners, the board does not have the authority to provide the clerk with sufficient money from its own funds to make the required payments. If the clerk is unable to make the required contributions, the board may, in compliance with Ch. 129, F. S., amend the county budget to provide county funds for the purpose of making such payments.
The Florida Retirement Act, Ch. 121, F. S., is a general law applicable uniformly throughout the state to public officials, including county officers and employees. See AGO 071-157 in which the office stated that the prohibition against providing additional compensation for county officials designated in Ch. 145, F. S., applies only to special laws or general laws of local application (population acts) and does not prevent the Legislature from providing additional compensation to county officials designated in Ch. 145, F. S., on a uniform statewide basis:
 It follows that it is entirely proper for the counties to contribute county funds toward retirement and social security benefits for county officers and employees — including the county officials designated in Ch. 145, supra — as authorized by s. 121.061, F. S. [Attorney General Opinion 071-157.]
See also s. 121.051, F. S., which requires participation in the Florida Retirement System by all officers and employees employed on or after December 1, 1970, and s. 121.021(11), F. S., which defines `officer or employee' as used therein as `any person receiving salary payments for work performed in a regularly established position and, if employed by a city or special district, employed in a covered group.'
The clerk of the circuit court is a constitutional county officer who serves not only as clerk of the court but as county clerk, accountant, auditor and custodian of county funds. See s. 16, Art. V and s. 1(d), Art. VIII, State Const.; s. 28.12, F. S. The amount of compensation payable to the clerks of circuit court is set forth in s. 145.051, F. S. Section 145.121(1), F. S., provides that any fees or charges received in excess of the salary provided in Ch. 145, F. S., are considered to be `income of the office.'
 Except for the salary receivable under this chapter, all fees, costs, salaries, commissions, extra compensation, or any other funds which are paid or payable to a county official or to his office, either by law or on account of any service (including, for the purposes of this section, service arising out of official duties, ex officio duties, and private nonofficial acts) performed by the official for any agency or instrumentality of the state or of any county or municipality in the state, or for any officer, board, district, authority, or unit of state or local government, or for individuals, wherein any of the personnel, equipment, or space of the office is employed, shall be included as income of the office and shall not be retained by the county official as personal income. Nothing herein shall be construed as authorizing a county official to use his office or its personnel or property for a private purpose. (Emphasis supplied.)
See s. 218.36(2), F. S., which requires that on or before the date for filing the annual report, `each county officer shall pay into the county general fund all money in excess of the sum to which he is entitled under the provisions of chapter 145.' See also s.218.35(2), F. S., which requires the clerk of the circuit court, functioning as clerk of the court and as clerk of the board of county commissioners, to prepare his budget in two parts:
 (a) The budget relating to the state court system, including recording, which shall be filed with the state courts administrator as well as with the board of county commissioners; and
 (b) The budget relating to the requirements of the clerk as clerk of the board of county commissioners, county auditor, and custodian or treasurer of all county funds and other county-related duties.
Section 121.021(10), F. S., defines the term `employer' as used in Ch. 121, F. S., as:
 . . . any agency, branch, department, institution university, institution of higher education, or board of the state, or any county agency, branch, department, board, district school board, or special district of the state, or any city of the state which participates in the system for the benefit of certain of its employees. (Emphasis supplied.)
I am not aware of any judicial decision interpreting this provision nor has any such decision been brought to my attention. In Parker v. Hill, 72 So.2d 820 (Fla. 1954), however, the court considered whether a deputy sheriff was an employee within the meaning of the Workmen's Compensation Act. The court concluded that a deputy sheriff was not an `employee' but an `officer not elected at the polls' of the county and therefore the county, not the sheriff, was liable for compensation benefits. See also AGO 076-8, in which this office stated that a property appraiser, a constitutional officer, is a county official and his employees arecounty employees even though employed and paid by him from funds budgeted with the approval of the Department of Revenue and derived from taxing authorities other than the county; AGO 073-363. Cf. In re Florida Board of Bar Examiners, 268 So.2d 371
(Fla. 1972), in which the court stated that the board of bar examiners was `a state agency under the judicial branch of the government and its employees are state employees just as, for example, legislative employees under the legislative branch are state employees'; thus, the board's employees were entitled to participate in the state's group insurance program. It is evident that the clerk and the employees of his office are county officers and employees; however, the term `employer' as defined in s.121.021(10), F. S., specifically includes `any county agency,branch, department [or] board.' (Emphasis supplied.) Thus, the term `employer' as used in Ch. 121, F. S., would appear to include the clerk's office as a department or agency of the county.
Section 121.061(1), F. S., requires that all employers withholding contributions of members (as defined in s. 121.021[12], F. S., to include officers and employees), under Ch. 121, F. S., for the purpose of providing retirement benefits and social security benefits to and on behalf of such members
 . . . shall budget, set aside, and pay over to the administrator, for deposit into the proper retirement and social security trust funds, matching payments for retirement and social security contributions as required by this chapter.
See s. 121.021(5), F. S., defining `administrator' as used in Ch. 121, F. S., to mean the director of the Division of Retirement. Since 1975, however, no retirement contributions from members have been required. See s. 121.071(3)(a), F. S., as amended by s. 5, Ch. 78-308, Laws of Florida. See also s. 121.071(2), F. S. (1978 Supp.), which provides that `[e]ffective October 1, 1978, each employer shall contribute 9.10 percent of gross compensation each pay period for each of its regular members, and 13.95 percent of gross compensation each pay period for each of its special risk members.' Each employer and member, however, is required to contribute to social security in the amount required for social security coverage as provided by the Federal Social Security Act, in addition to the contributions specified in s. 121.071(2) and (3), F. S. (1978 Supp.). Section 121.071(4), F. S. (1978 Supp.). Section 121.071(5), F. S. (1978 Supp.), requires that the employers pay into the system trust funds contributions made in accordance with subsections (2), (3), and (4) in accordance with rules promulgated by the administrator pursuant to Ch. 120, F. S. In the case of retirement contributions, an employer will be assessed a delinquent fee of one half of 1 percent of the contributions due for each calendar month or part thereof that the contributions are delinquent. Delinquent social security contributions are assessed a delinquent fee as authorized by s.650.05(4), F. S.
If the contributions required by Ch. 121, F. S., are not paid by any employer (other than a state employer), then, upon request by the administrator, the Department of Revenue or the Department of Banking and Finance, as the case may be, shall deduct the amount owed by the employer from any funds to be distributed by it to the county, municipality, special district, or consolidated form of government and transfer the amounts so deducted to the administrator for further distribution to the trust funds. Section121.061(2)(a), F. S. See also s. 121.061(2)(b), F. S., which provides that the tax collector, at the request of the administrator and upon receipt of a certificate from the administrator showing the amount owed by the employer, `shall deduct the amount so certified from any taxes collected for the employer and remit the amount to the administrator for further distribution to the trust funds in accordance with this chapter.' Moreover, the governing body of each county, municipality, special district, or consolidated form of government participating in the Florida Retirement System or the administrator may, individually or jointly, sue the employer to require it to remit retirement or social security contributions due the retirement or social security trust funds. Section 121.061(2)(c), F. S.
The appropriations for each state agency are to include sufficient funds to pay the contributions required for social security and retirement as required by Ch. 121, F. S., and a state agency is precluded from employing any person on its payroll unless it has allotted sufficient funds to meet the required payments. Section121.061(3), F. S. The clerk of the circuit court, however, is required to prepare a budget relating to the requirements of the clerk as clerk of the board of county commissioners. See s.218.35(2)(b), F. S.; see also s. 218.35(1), F. S., requiring that each fee officer establish an annual budget for his office clearly reflecting the revenues available to the office and the functions for which the money is to be expended. Section 121.061(1), F. S., expressly requires an `employer' to budget and set aside such contributions. Thus the clerk should budget for these contributions and when required pay over all such contributions to the retirement and social security trust funds through the Division of Retirement. If the clerk fails to pay over such contributions to the administrator, the governing body of the county or the administrator may jointly or individually file an action in the courts to require the clerk to remit any retirement or social security contributions due. Section 121.061(2)(c), F. S.; see also s. 121.061(2)(a), F. S. If, however, the income of any constitutional fee officer is not sufficient to make such payments, section 121.061(2)(d), F. S., provides that the board of county commissioners `shall provide such fee officer sufficient funds to make the required payments when due.' Thus the Legislature has prescribed when a board of county commissioners may properly pay such contributions from county commission funds. The authority of public officers to proceed in a particular way or only upon specific conditions implies a duty not to proceed in any other manner than that which is authorized by law. Alsop v. Pierce, 19 So.2d 799 (Fla. 1944); White v. Crandon, 156 So. 303,305 (Fla. 1934); First National Bank of Key West v. Filer,145 So. 204, 207 (Fla. 1933). Cf. State ex rel. Barquet, 358 So.2d 230 (3 D.C.A. Fla., 1978), cert. denied, Case No. 54,578 (Fla., filed Dec. 18, 1978), in which the court held that s. 501.207, F. S., clearly provides the methods by which the state may enforce the provisions of the `little F.T.C. Act,' and since the state's attempted enforcement of Ch. 501, F. S., was not a method provided for by statute nor grounded upon the law in Florida, the court affirmed the lower court's order dismissing the complaint.
Therefore, under the provisions of s. 121.061(2)(d), the board of county commissioners may provide a constitutional fee officer with sufficient funds from its own funds to make the payments required under Ch. 121, F. S., if the income of the clerk as a county fee officer is not sufficient to make such payments; in the absence of a legislative or judicial determination to the contrary, however, I am of the opinion that the county may not otherwise properly pay from county commission funds such contributions.
If, however, the clerk is a county officer operating his office under funds budgeted and paid over to his office by the board of county commissioners and the clerk is unable to make the retirement and social security contributions, there is no provision similar to s. 121.061(2)(d), F. S., which would authorize the board of county commissioners to provide the clerk with sufficient money from its own funds to make the required payments. In the absence of such statutory authorization, I am of the opinion that the board of county commissioners may not make such payments to the retirement and social security trust funds from its own funds on behalf of the clerk, as a county budget officer, and his employees. The board of county commissioners may, however, amend and existing county budget to provide county funds for the purpose of making these payments when the funds appropriated for such a purpose were insufficient. See s.129.06(2), F. S., which provides in pertinent part that the board of county commissioners may amend a budget at any time within the fiscal year by reducing appropriations for expenditures in any fund and correspondingly increasing other appropriations in the same fund by motion recorded in the minutes, provided that the total of the appropriations of the fund is not changed, or applying the appropriations from the reserve for contingencies to increase the appropriation for any particular expense in the same fund or to create an appropriation in the fund for any lawful purpose provided no expenditure is directly charged to the reserve for contingencies. See also AGO 064-73. Such amendments to the county budget to provide for such contributions and any disbursements made thereto, however, must be made in accordance with Ch. 129, F. S.
Prepared by: Joslyn Wilson, Assistant Attorney General