David H. Pingree Secretary Department of Health and Rehabilitative Services Tallahassee
QUESTIONS:
1. When accurate accounting records are not available, may the Department of Health and Rehabilitative Services, pursuant to s. 409.267, F. S., submit a final bill to the counties using, for the amount due, an estimate based on last year's amount paid, as adjusted by the budgeted increase for fiscal year 1978-1979?
2. If the answer to the preceding question is `no,' may the department, under the same circumstances, submit to the counties an interim bill to be paid currently and adjusted when accurate data is unavailable?
3. If the answer to either question 1 or question 2 is `yes,' can the department utilize the provisions of s. 409.267(3), F. S., to enforce payment of the amount determined to be due using the estimate method?
SUMMARY:
The department is not authorized by law to submit claims or statements for, or require counties to pay their pro rata share of the costs of, the items of medical care and service provided their eligible needy persons under the medical assistance program for the needy provided for by statute based upon estimates; nor may the department enforce or require payment under the statute based on estimated interim bills to the counties to be adjusted when accurate accounting or billing data becomes available to the department.
Your questions are answered in the negative for the reasons hereinafter discussed.
Section 409.267(1), F. S., provides that the state shall charge counties for certain items of care and service in the medical assistance program for the needy under the Social Security Act. Section 409.267(2)(a) then sets forth those items for which the counties may be charged; subsection (2)(b) sets out the limitations of each county's participation or responsibilities under this program; and subsection (3) provides in pertinent part:
 Each county shall pay into the General Revenue Fund unallocated its pro rata share of the total county participation based upon statements rendered by the Department of Health and Rehabilitative Services. The Department of Banking and Finance shall withhold from the cigarette tax receipts or any other funds to be distributed to the counties the individual county's share which has not been remitted within 30 days after billing. (Emphasis supplied.)
As set forth in your inquiry, and from further information furnished this office by the department and some of the counties involved, it appears that, prior to 1978, the department submitted itemized statements monthly to each county specifying the patients and services for which each county was billed by the department. It further appears that a subsequent contractor is, for various reasons, unable at this time to prepare itemized statements for submission to the counties for the period from January 1, 1978, through June 30, 1978. From the information furnished this office, it appears that the inability of the contractor to prepare such itemized statements is temporary and will be overcome as soon as certain technical and administrative problems are resolved.
The county's liability is limited to those items of care and service provided to its eligible needy persons listed in s. 409.267(2)(b), F. S., based upon `statements' and `billing' of the department, not upon `estimates' or `interim bills.' The statute simply does not make any provision for the accounting and billing or payment procedures or techniques contemplated by your inquiry. Nor do I believe the department's statutory duty to render statements or bills to the counties for the costs of the designated items of care and service in which the counties participate gives rise to any necessarily implied authority on the part of the department to submit claims or demands for payment of the counties' pro rata share of the costs of the medical assistance program for the needy based upon estimates or interim billings (also based on estimates), to be thereafter `adjusted' when accurate information is `available' or when `accurate information is unavailable.'
As a general principle, the department cannot perform any function not expressly or impliedly authorized or provided for by statute. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed, 300 So.2d 900 (Fla. 1974), and AGO's 078-68, 078-132, and 072-17. Moreover, when the Legislature directs the manner in which a function shall be performed, it, in effect, prohibits performance in any other way. Alsop v. Pierce, 19 So.2d 799 (Fla. 1944), and State ex rel. Reno v. Barquet, 358 So.2d 230 (3 D.C.A. Fla., 1978). See also
Weinberger v. Board of Public Instruction, 112 So. 253 (Fla. 1927).
In this case, since s. 409.267, F. S., expressly enumerates the things (accounting, billing, and payment methods) on which it operates, it must be construed as excluding from its operation all things not expressly mentioned therein. Ideal Farms Drainage Dist. v. Certain Lands, 19 So.2d 234 (Fla. 1944); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); and Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433 (Fla. 1974). In this regard, s. 409.267 does not provide for any exceptions from its requirements that `statements [be] rendered by the Department of Health and Rehabilitative Services' for technical and administrative problems of a contractor, unavailability of accurate accounting records or accurate data, or any other administrative difficulties. Since no exception for such administrative problems in carrying out the department's statutory duty and function has been made by the Legislature, no such exceptional discretion or authority rests with or is possessed by the department, and since no express authority to meet what the department or its contractor considers to be exceptional administrative emergencies has been given or spelled out by the Legislature, no such exceptional authority may be implied or exercised. Compare Molwin Inv. Co. v. Turner,167 So. 33 (Fla. 1936), and In re Advisory Opinion to the Governor,9 So.2d 172 (Fla. 1942).
Moreover, this office has consistently recognized and stated that claims or vouchers for payment of public funds, whether state, district, or county, submitted or to be submitted to the paying agency should contain sufficient information for the paying agency, or its preauditors or officials and the postauditor, to determine whether the requested payment is authorized by law, failing in which, the paying agency is justified in turning down the request for payment or requesting clarification or further proof of such statements or claims against the county. See, e.g., AGO's 068-12, 075-299, and 077-58. See also 20 C.J.S. Counties s. 300 stating `[i]t is a very usual requirement that an account presented to a county tribunal . . . be itemized . . . .' Such statements or claims against the counties and disbursements of county funds therefor must be approved or disapproved by the board of county commissioners and preaudited by the clerk of the circuit court (unless clerk's duties have been divided by law pursuant to s. 16, Art. V, State Const., or county charter pursuant to s. 1(d), Art. VIII, State Const.), in his capacity as county auditor.See ss. 129.08 and 129.09, F. S. The responsibility for preauditing is shared by the board of county commissioners and the clerk. Alachua County v. Powers, 351 So.2d 32, 37 (Fla. 1977). The clerk, as county auditor, is required by law to refuse to sign and deliver a county warrant for unauthorized or unlawful disbursement, even though approved by the Board of County Commissioners, Alachua County, supra, at 36.
In these circumstances, as indicated above, the county, under s. 409.267(2)(a), F. S., is authorized or required by law to pay only for specified items of care and service: Payments for inpatient hospitalization in excess of 12 days and payments for nursing home or intermediate facility care in excess of $170 per month. Section 409.267(2)(b) provides that each county's participation shall be 35 percent of the total cost of providing the items listed in subsection (2)(a) except that payment for items of care and service for nursing home or intermediate facility care shall not exceed $55 per month per person. Section 409.267(3) then provides that each county shall set aside sufficient funds to pay for items of care and service provided to the county's eligible recipients in those items of care and service in which the counties participated.
This office has previously concluded, in considering the provisions of s. 241.471(3), F. S., that a county is not financially liable to Shands Teaching Hospital for the costs of providing medical care and treatment of its resident indigents unless the county properly authorizes such hospital services or refers or transfers county indigents to the hospital. Attorney General Opinion 077-58. Section 241.471(3) contains the provision that a county utilizing the facilities of the hospital to care for its indigent patients `shall budget, set moneys aside, and pay for all services based upon statements rendered by the hospital' and that if `payment is not received within 30 days of billing,' the Department of Banking and Finance, upon receipt of a nonpayment certification from the hospital, `shall remit payment to the hospital, deduct the amount from any moneys held in the state treasury for distribution to the county failing to make prompt payment and issue a notice to the county of payments made on its behalf.'
The provisions of s. 241.471(3), F. S., are similar to those of s. 409.267, F. S., hereinbefore mentioned, and the grounds and reasoning of the conclusions reached in AGO 077-58 apply with the same effect to your questions and require that those items of care and service provided to a county's eligible recipients under s. 409.267, in those items in which the county participates, shall be listed or shown with particularity on the statements rendered to the county by the department. If the statements rendered by the department fail to particularize or specify such items of care and service provided a county's eligible recipients, the county would not be able to duly approve and preaudit such billings and may justifiably decline to pay the same or request further proof of such billings or claims against the county's funds. In such circumstances, no financial liability or obligation of the county arises until such time as the billings or claims against the county have been duly approved and audited as provided by law.
Therefore, until and unless judicially determined otherwise, I conclude that the department is not authorized by law to submit claims or statements for, or require counties to pay their pro rata share of the costs of, the items of medical care and service provided their eligible needy persons under the medical assistance program for the needy provided for in s. 409.267, F. S., based upon estimates; nor may the department enforce or require payment under the statute based on estimated interim bills to the counties to be adjusted when accurate accounting or billing data becomes available to the department.
Prepared by:
Richard A. Hixon Assistant Attorney General