Bill Gunter State Treasurer and Insurance Commissioner Tallahassee
QUESTION:
Under current law, what is the correct disposition of funds collected and deposited in the Insurance Commissioner's Regulatory Trust Fund pursuant to ss. 175.121 and 185.10, F. S., when such funds are not payable to the various municipalities?
SUMMARY:
Until legislatively or judicially determined otherwise, it is my opinion that the Department of Insurance or the Insurance Commissioner and Treasurer is not authorized by law to transfer undistributed funds accumulated in the Insurance Commissioner's Regulatory Trust Fund for firefighters and policemen to the State General Revenue Fund or to make any other disposition of such funds than that prescribed in Chs. 175 and 185, F. S.
Your letter of inquiry states that this opinion request was suggested by the Auditor General to determine the propriety of the accumulation of undistributed funds which now exists in the Insurance Commissioner's Regulatory Trust Fund for firefighters and policemen. See ss. 175.121 and 185.10, F. S. You further state that such accumulation of undistributed funds exists for two reasons. First, the disbursement plan for the funds for firefighters, pursuant to s. 175.122, F. S., limits the amount of money municipalities may receive each year to one-half ot the excise tax provided for in s. 175.101, F. S., or, in certain instances, 6 percent of a given municipality's fire department payroll. Second, in some instances, municipalities for which the excise tax has been collected do not satisfy statutory requirements for participation in the distribution of the tax fund. The memorandum of law submitted along with your request suggests that, because ss. 175.121 and 185.10 do not evidence any legislative intent that any moneys which are not payable to the various municipalities pursuant to Chs. 175 and 185, F. S., may be disbursed (from the trust fund) in any manner, the Insurance Commissioner does not have authority to transfer undistributed moneys accumulated in the Insurance Commissioner's Regulatory Trust Fund to the General Revenue Fund of the state.
Sections 175.121 and 185.10, F. S., require the Insurance Commissioner and Treasurer to pay into subject trust fund any and all moneys collected for each municipality pursuant to those statutes (less the necessary expenses incurred by the Department of Insurance, not to exceed $30,000 per annum, in carrying out the provisions of Chs. 175 and 185, F. S.). Neither of these statutes, nor any other provision of Ch. 175 or Ch. 185, or any other law drawn to my attention, mentions or makes any provision whatever for any accumulation of undistributed balances in subject trust fund or the transfer of the amounts of any such balances to the General Revenue Fund of the state. The only distribution of these trust funds and the only appropriation of such moneys provided for are those prescribed by ss. 175.121 and 185.10. The disbursement of those moneys provided for in s. 175.121 is limited by the terms of s. 175.122. Chapter 185 makes no such provision for limitations on the disbursement to the municipal police officers retirement fund of various municipalities. Thus, no statutory authority exists authorizing the Department of Insurance or the Insurance Commissioner and Treasurer either to transfer any of subject tax revenues or undistributed funds accumulated in subject trust fund to the General Revenue Fund or to make any other disposition of the same.
It is axiomatic that administrative agencies and state officers have only such authority or power as may have been conferred on them by law. See 81A C.J.S. States s. 120; State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974); cert. denied, 300 So.2d 900 (Fla. 1974). Implied authority cannot exist in the absence of some express grant of authority or the express imposition of a duty. See 67 C.J.S. Officers ss. 190 and 192, and AGO's 075-120 and 078-101. Moreover, the Legislature has specifically directed that subject tax revenues be paid into the State Treasury in subject trust fund and distributed in the manner specified to the designated municipalities. The Legislature appropriated the net amount of such moneys out of subject trust fund to such municipalities for the prescribed purposes. No mention is made of any other disposition of such moneys or any transfers thereof to the General Revenue Fund. Therefore, the ruleexpressio unius est exclusio alterius applies so that, by clear implication, any other manner of disposition of subject moneys is prohibited. See In re Advisory Opinion of Governor Civil Rights,306 So.2d 520 (Fla. 1975); Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433 (Fla. 1974); Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944); and Alsop v. Pierce,19 So.2d 799 (Fla. 1944). If the Legislature had intended to provide for the disposition of the moneys in subject trust fund in any other manner, it would have done so clearly and unequivocally.See Dobbs v. Sea Isle, 56 So.2d 341 (Fla. 1952), and State exrel. Reno v. Barquet, 358 So.2d 230 (3 D.C.A. Fla., 1978). Any other disposition of these funds, including any transfer thereof out of subject trust fund to the General Revenue Fund, must await specific legislative direction.
In sum, until legislatively or judicially determined otherwise, it is my opinion that the Department of Insurance or the Insurance Commissioner and Treasurer is not authorized by law either to transfer undistributed funds accumulated in the Insurance Commissioner's Regulatory Trust Fund for firefighters and policemen to the General Revenue Fund or to make any other disposition of such funds than that prescribed in Chs. 175 and 185, F.S.
Prepared by:
John W. Williams Assistant Attorney General