W. Arvel Drury Attorney for Hamilton County School Board Jasper
QUESTION:
What is the meaning of the term `unfunded indebtedness,' as used in s. 5(2), ch. 31459, 1956, Laws of Florida?
SUMMARY:
The term `unfunded indebtedness' as used in ch. 31459, 1956, Laws of Florida, refers to any debt or indebtedness of the Hamilton County School Board for which no specific taxes or revenues have been provided to pay the interest on and principal of such debt.
Section 5(2), ch. 31459, 1956, Laws of Florida, provides:
 All remaining monies shall be distributed one-half (1/2) to the Board of Public Instruction of Hamilton County, and one-half (1/2) to the Board of County Commissioners of Hamilton County to be used and disbursed by the Board of County Commissioners for any public purpose deemed by them to be for the best interest of the county and by the Board of Public Instruction, first, toward the liquidation of any unfunded indebtedness of the Board, either toward the payment of principal or of interest, or both, until liquidated, said monies shall be used and disbursed toward the payment of teachers' salaries; provided, however, if there be more than is required for the payment of teachers' salaries, the same may be used for the maintenance of school buildings and grounds in said county.
You question the meaning and application of the term `unfunded indebtedness' as used in this subsection. In determining the meaning of words used in a statute, their plain and obvious meaning should be used, unless a technical meaning is clearly intended or a different connotation is expressed in or necessarily implied from the context in which they appear. Graham v. State,362 So.2d 924 (Fla. 1978); Gaulden v. Kirk, 47 So.2d 567 (Fla. 1950); and State ex rel. Hanbury v. Tunnicliffe, 124 So. 279 (Fla. 1929). Also, words in a statute should generally be taken in the sense in which they were understood when the statute was enacted. State v. City of Jacksonville, 50 So.2d 532 (Fla. 1951). The terms involved in the instant inquiry, such as `fund' and `debt,' have no fixed legal meaning, and their meaning depends upon the context in which they are used. The phrase `any unfunded indebtedness' is a comprehensive or general term which encompasses everything within its general scope and must be construed in light of its common usage and ordinary signification within the industry or area of activity that such term is used. See, e.g., Florida Industrial Commission v. Growers Equipment Co., 12 So.2d 889 (Fla. 1943).
The word `indebtedness' is defined in Black's Law Dictionary (4th Rev. ed. 1968), at p. 909, as the `state of being in debt, without regard to the ability or inability of the party to pay the same. . . . The owing of a sum of money upon a certain and express agreement.' In Ballentine's Law Dictionary (3rd ed. 1969), at p. 606, `indebtedness' is defined as the `state of being obligated upon a debt or debts.' See also West Florida Grocery Co. v. Teutonia Fire Insurance Co., 77 So. 209 (Fla. 1918). `Debt' is defined in Black's Law Dictionary, at p. 490, as `[a] sum of money due by certain and express agreement . . . .'
The word `fund' in its noun form is defined in Black's Law Dictionary, supra, at p. 802, as `[a] sum of money set apart for a specific purpose, or available for the payment of debts or claims,' and as `[a]ssets, securities, bonds, or revenue of a state or government appropriated for the discharge of its debts.' In 37 C.J.S., at p. 1402 (1943), it is stated that `fund' is `[a] term originally applied to a portion of the national revenue set apart or pledged to the payment of a particular debt.' See also
State ex rel. City of Shreveport v. Dickinson, 150 So. 574 at 579 (1933). Thus, we can understand that a `funded debt' is `[a] debt for which revenues have been provided to pay the interest and to make payments upon the principal so that the debt will be gradually reduced.' Ballentine's Law Dictionary, supra, at p. 508. And it is stated in Black's Law Dictionary, at p. 802: `As applied to states or municipal corporations, a funded debt is one for the payment of which (interest and principal) some fund is appropriated, either specifically, or by provision made for future taxation and the quasi pledging in advance of the public revenue.'
The prefix `un' is defined in Webster's Third New InternationalDictionary, at p. 2481, as signifying `not.' Further, at p. 2496, `unfunded' is defined as `not funded: floating . . . .' And it is the word `floating' as used in the term `floating indebtedness' that was used in the past in the commercial world and in government to signify an unfunded debt. This expression, `floating indebtedness,' was used to contrast with and in the opposite sense of the expression `sinking fund,' which is a fund created or arising from particular taxes or sources of revenue for the payment of a specific debt or as it is referred to be its proper commercial expression, a funded debt. See, for example, 37 C.J.S., at p. 1404 (1943). `Floating debt' is defined in Black's Law Dictionary, at p. 768, to mean `[l]awful and valid claims against the corporation for the payment of which there is no money in the corporate treasury specifically designed, nor any taxation or other means of providing money to pay particularly provided.' `Floating indebtedness' is defined in Ballentine's Law Dictionary, at p. 481, as an `[i]ndebtedness of a municipality for the payment of which there is no fund in the treasury specifically designated or particular means of providing funds by taxation or other method.' In City of Huron v. Second Ward Savings Banks, 86 F. 272
(8th Cir. 1898) the court, at pp. 276, 277, stated:
 The words `floating indebtedness' have a clear and well-understood meaning in the commercial world. . . . They mean `that mass of lawful and valid claims against the [municipal] corporation, for the payment of which there is no money in the corporate treasury specifically designed, nor any taxation or other means of providing money to pay, particularly provided.' Quoting from People ex rel. Cooke v. Wood, 71 N.Y. 371, 374-75 (N.Y. 1877).
Prepared by: Craig B. Willis, Assistant Attorney General