James H. Siesky Attorney for Collier County District School Board Naples
QUESTION:
May the Collier County District School Board make salary payments to its employees prior to services being rendered or before determining that such services have, in fact, been performed?
SUMMARY:
Until judicially or legislatively determined to the contrary, no salary payments may be made to the personnel of a school district which is participating in the state appropriations for the Florida Education Finance Program before the services for which such compensation is being received have been rendered. Toward that end, a district school board should adopt administrative policies or rules in order to ensure that the payment of salary in advance of services being rendered will not be made.
Section 230.23(5)(c), F. S., as amended by s. 4, ch. 80-295, Laws of Florida, authorizes the district school boards to adopt salary schedules and to fix and authorize the compensation of their school employees on the basis of such schedules. See also s. 230.23(5)(d), as amended by s. 4, ch. 80-295, which provides that all contracts with the instructional staff shall be in accordance with the salary schedules adopted by the school board and shall be in writing for definite amounts and for definite terms of service and shall specify the number of monthly payments to be made. In addition, s. 236.02(3), F. S., as amended by s. 10, ch. 80-295, requires that each school district participating in state appropriations for the Florida Education Finance Program meet certain requirements which include, inter alia:
 (b) All personnel shall be paid in accordance with payroll period schedules adopted by the school board and included in the official salary schedule.
 (c) No salary payment shall be paid to any employee in advance of service being rendered. (Emphasis supplied.)
Cf. 236.02(4), authorizing such school boards to extend funds for salaries in accordance with the salary schedules adopted by the boards in accordance with the provisions of law and the regulations of the State Board of Education, and Rule 6A-1.51(5), F.A.C.
In Weiss v. Leonardy, 36 So.2d 184 (Fla. 1948), the Florida Supreme Court concluded that teachers who were reemployed on or before the commencement of the fiscal year on July 1, 1947, could receive their salaries in 12 equal monthly installments at the end of each month during the fiscal year, even though under such a schedule the teachers would be paid their salary 2 months before they started working. The court's decision was based in part on the language then contained in the statute which authorized a school board to pay all of its instructional personnel over a period of 12 calendar months, except as otherwise authorized by the state board. Subsequent thereto, the Legislature amended s. 236.02, F. S., to provide that `no salary payment shall be due or made until the end of the first month's period of service.' See s. 3, ch. 25363, 1949, Laws of Florida. This provision remained in effect until 1965, when the Legislature adopted the present provision contained in s. 236.02(3)(c), prohibiting the payment of salary in advance of services being rendered. See s. 126, ch. 65-239, Laws of Florida.
The present statute is clear: for those school districts participating in the Florida Education Finance Program, no salary payments may be made to district personnel before the services for which compensation is being received have been performed. I am not aware of any judicial decision which has directly considered this statutory provision, nor has any such decision been brought to the attention of this office. It is, however, a rule of statutory construction that words in a statute should be given their plain and obvious meaning unless a technical meaning is clearly intended or a different connotation expressed in or necessarily implied from the context in which they appear. See Graham v. State,362 So.2d 924 (Fla. 1978); Gaulden v. Kirk, 47 So.2d 567 (Fla. 1950); and Fixel v. Clevenger, 285 So.2d 687 (3 D.C.A. Fla., 1973). Cf. Reino v. State, 352 So.2d 853 (Fla. 1977) (when the language of a statute is clear and unequivocal, the legislative intent may be gleaned from the words used without applying incidental rules of construction), and State v. Egan, 287 So.2d 1 (Fla. 1973). The statute prohibits the payment of salary in advance of services being performed; it does not provide that, once performance has been started, an employee or officer of the school district may be paid all or part of his or her salary, nor can such authority be implied by this office from the language of the statute in the absence of a clear expression of legislative intent to that effect. No such expression of legislative intent has been brought to the attention of this office.
This office has previously recognized that district school boards, albeit constitutionally created, have no inherent powers but rather possess only such powers as the Legislature has conferred on them. See, e.g., AGO's 076-154 and 076-63; see also Buck v. McLean, 115 Instruction v. State ex rel. Allen, 219 So.2d 430
Instruction v. State see also Buck v. McLean, 115 (Fla. 1969). The Legislature has imposed upon the district school boards the responsibility and duty to adopt salary schedules and to expend funds for salaries in accordance with those schedules; the boards are further empowered to contract with their instructional staff specifying in writing the amount of salary to be paid and the number of monthly payments to be made. See ss. 230.23(5)(d) and (e) and 236.02(4), F. S. For those districts participating in the state appropriations of the Florida Education Finance Program, however, the Legislature has clearly prohibited the school boards from making salary payments to their personnel before services have been rendered. See 67 C.J.S. Officers s. 239 (when fixing compensation is within the power of the Legislature, it may attach such conditions as it deems proper to the payment thereof; when the method of paying a public official is fixed by law, that method is controlling). See also 67 C.J.S. Officers s. 219 (a public officer has no right to compensation for his services before he has earned it). Cf. Alsop v. Pierce, 19 So.2d 799 (Fla. 1944) (when the Legislature directs the manner in which a function shall be performed, it, in effect, prohibits performance in any other way), and State ex rel. Reno v. Barquet, 358 So.2d 230 (3 D.C.A. Fla., 1978); and see Weinberger v. Board of Public Instruction, 112 So. 253 (Fla. 1927). Thus I am of the opinion that no salary payment may be made to personnel of a school district which is participating in state appropriations for the Florida Education Finance Program before the services for which such compensation is being received have been performed.
Furthermore, this office has consistently recognized and stated that claims or vouchers for payment of public funds, whether state, district, or county, submitted to a public agency or body for payment should contain sufficient information for the public body, or its preauditors, to determine whether the requested payment is authorized by law; failing in which, the paying agency is justified in turning down the request for payment or requesting clarification or further proof of such statements or claims against the public agency or body. See, e.g., AGO's 079-48, 077-58, 075-299, and 068-12. Cf. AGO 079-94, wherein this office stated that, even assuming that the appropriation of county funds had been authorized by statute or home rule ordinance, there must be some type of preaudit review of the disbursement to make sure that the funds will not be used for other than the county purpose for which the appropriation was made. The district school boards should therefore consider the development of administrative policies or rules in which the board may determine the amount of compensation a district employee is entitled to receive. Cf. s. 231.40(2)(b), F. S., which provides in part that any member of the instructional staff shall, before claiming and receiving sick leave compensation for the time absent from his or her duties as prescribed in s. 231.40, make and file with the superintendent of the district by the end of the school month following his return from such absence a written certificate which sets forth the days absent; that the absence was necessary; and whether he is entitled to receive pay for such absence. See also s. 231.45, F. S. Under such policies or rules, the board, or its preauditor, should be able to determine whether the employee is entitled to such compensation under the statutes.
Prepared by: Joslyn Wilson, Assistant Attorney General