The Honorable Louie L. Wainwright Secretary, Department of Corrections
QUESTIONS:
1. May the Secretary of Corrections delegate the powers and duties granted him by statute to his Deputy Secretary to enable the Deputy to attend meetings of the Florida Council on Criminal Justice on the Secretary's behalf? If so, would the Deputy Secretary have full voting privileges?
2. Would this authority also apply to any other councils, committees, commissioners, etc., to which the Secretary of Corrections is appointed as a member by statute?
SUMMARY:
Unless and until legislatively or judicially determined otherwise, under the provisions of s. 23.152, F.S. (1980 Supp.), only the Governor has the statutory authority to appoint or designate a surrogate to act in his stead on the Florida Council on Criminal Justice or to delegate to another the duty of attending meetings and serving on, or exercising any of the powers of said Council; the Secretary of Corrections is not so authorized.
The Legislature in the Florida Criminal Justice Council Act, part VIII of ch. 23, F.S., created within the executive branch of government under the Governor's jurisdiction, the Florida Council on Criminal Justice for the improvement of state law enforcement activities and the administration of criminal and juvenile justice systems. See s. 23.152(1) and (2), F.S. (1980 Supp.). Under the provisions of the aforementioned Act, the Legislature provided in s. 23.152(3), F.S. (1980 Supp.), for the composition of the membership of the Council. The Secretary of Corrections and other designated state officers serve on the Council by virtue of the office they hold. Section 23.152(3) provides, in pertinent part, as follows:
The council shall consist of the following members:
 (a) The Governor or his appointee, the Attorney General, the Executive Director of the Department of Law Enforcement, the Secretary of Corrections, and the Director of the Youth Services Program Office of the Department of Health and Rehabilitative Services. (Emphasis supplied.)
It must be immediately noted that the words `or his appointee' proceed only the Governor's appointment to the Council. See also
s. 23.152(6), F.S. (1980 Supp.), stating that the Governor `or his appointee' shall serve as chairperson. Those same words do not follow after any of the other designated members appointed to the Council. Instead the statute provides, among other things, thatthe Secretary of Corrections shall be a member of the Council. Generally, words in a statute should be given their plain and ordinary meaning. Graham v. State, 362 So.2d 924 (Fla. 1978); Pederson v. Green, 105 So.2d 1 (Fla. 1958). The word `the' before singular or plural nouns and noun phrases denotes particular specified persons or things and when used before a title of rank or office, designates its holder. See The American Heritage Dictionary of the English Language, at p. 1333. See also 86 C.J.S.The, p. 655.
Thus, it appears that only the Governor has the statutory authority to appoint or designate a surrogate to act in his stead on this Council or delegate to such appointee the duty of attending meetings or serving on the Florida Council on Criminal Justice. Because the language `or his appointee' was inserted by the Legislature only after appointing the Governor to the Council and designating him or his appointee as chairperson, s. 23.152(6), and was not inserted after appointing any of the other designated members in s. 23.152(3), (a)-(f), F.S. (1980 Supp.), the implication must be that those other members designated in paragraphs (a)-(f) of subsection (3) may not appoint or designate any surrogates to act in their place and stead on the Council or delegate to any such appointees the duty to attend meetings and serve on or exercise any of the powers of the membership of the Council. Where the Legislature creates specific exceptions to language in a statute, the rule `expressio unius est exclusioalterius' may be applied to infer that had the Legislature intended to establish other exceptions it would have done so clearly and unequivocally; and no other exceptions may be written into the law. Florida Legal Services, Inc. v. State,381 So.2d 1120 (1 D.C.A. Fla., 1970); Dobbs v. Sea Isle Hotel, 56 So.2d 341
(Fla. 1952); see also Interlachen Lakes Estates, Inc. v. Snyder,304 So.2d 433 (Fla. 1973). Cf. s. 943.11(1), F.S. (1980 Supp.), relating to the Police Standards and Training Commission's composition which provides, in pertinent part, that `[t]he commission shall be composed of 13 members, consisting of the
Attorney General or a designated assistant; the Commissioner of Education or a designated assistant; . . . .' (Emphasis supplied.)See also McCulley Ford, Inc. v. Calvin, 308 So.2d 189 (1 D.C.A. Fla., 1974), which held, inter alia, that when an enrolled Act of the Legislature imposed an administrative responsibility on the `director of the division of motor vehicles' and not on the `department' (of Highway Safety and Motor Vehicles), only the `director' was properly authorized to fulfill the administrative responsibility at issue.
In your letter you refer to two statutory provisions as possible authority for you to delegate to your deputy secretary the duty to attend meetings of the Florida Council on Criminal Justice on your behalf. Pursuant to s. 20.315(4), F.S., the head of the Department of Corrections is the Secretary of Corrections. Section20.315(4)(b), F.S., provides:
 The secretary shall appoint a deputy secretary who shall act in the absence of the secretary. The deputy secretary shall be directly responsible to the secretary, shall perform those duties that are assigned to him by the secretary, and shall be fully authorized to act on behalf of the secretary in all matters affecting the department. The deputy secretary shall serve at the pleasure of the secretary. (Emphasis supplied.)
The above section, however, appears to deal with intra-departmental powers, duties, and functions since it authorizes a deputy secretary `to act on behalf of the secretary in all matters affecting the department.' (Emphasis supplied.) The Department of Corrections, however, is not made a member of the Florida Council on Criminal Justice by virtue of s. 23.152(3), F.S. (1980 Supp.), only the person holding the office of Secretary of Corrections is made a member of said Council. See s. 23.152(4), F.S. (1980 Supp.). The Council is not a part or unit of the Department of Corrections, rather it is established under the jurisdiction of the Governor, s. 23.152(1), F.S. (1980 Supp.). The only statutory provision you cite to is s. 20.05(1)(b), F.S., which provides that as head of a department you:
 [h]ave authority, without being relieved of responsibility, to execute any of the powers, duties, and functions vested in said department or in any administrative unit thereof through said administrative units and through such assistants and deputies as shall be designated by the head of the department from time to time, unless the head of the department is explicitly required by law to perform the same without delegation. (Emphasis supplied.)
The above section, however, like s. 20.315(4), F.S., deals with the powers, duties, and functions vested in the department, i.e., intra-departmental powers, duties, and functions, but the department is not a member of the Council, only the Secretary of Corrections is designated by statute as a member and no provision of part VIII of ch. 23 authorizes the Secretary of Corrections to appoint or designate any person to act in his stead on the Council or to delegate to another the authority to perform any duties assigned to the Council. Cf. s. 23.153(3), F.S., providing that the Council shall appoint an executive committee from among its members to act in place of the full Council and perform duties assigned to it by the full Council, and that the chairperson, i.e., the Governor or his appointee, may appoint committees, subcommittees, advisory panels, and task forces and delegate to them such duties and functions as are appropriate.
In addition, the language in s. 20.05(1)(b), F.S., regarding a department head's authority to delegate powers, duties, and functions vested in said department to assistants and deputies `unless the head of the department is explicitly required by law to perform the same without delegation' is not on point because the above section, as previously stated, deals with intra-departmental powers, duties and functions and even if said section could be construed to deal with extra powers, duties, and functions of the department or its head, it is my opinion that the provisions of part VIII of ch. 23, including s. 23.152(3)(a), F.S. (1980 Supp.), are explicit in requiring the Secretary of Corrections to serve on the Council and perform the duties and functions assigned the Council without delegation. As previously stated, only the Governor has the statutory authority to appoint a surrogate to act in his stead or delegate to such appointee the duty of attending meetings and serving on the Florida Council on Criminal Justice. As noted, the Governor's appointee or surrogate may serve as chairperson of the Council, s. 23.152(6), and the Council appoints an executive committee from its membership to act in the place of the full Council while the chairperson may appoint such committees as may be desirable and delegate to them such duties as are appropriate, s. 23.153(3).
Since my response to the first part of your first question is in the negative there is no need to elaborate on the second part of your first question.
Regarding your second question, I will not be able to provide you with a specific answer because you have not cited to any specific statute. The determination whether you can delegate to a deputy or assistant the duty to attend meetings or serve upon and perform duties assigned to other councils, committees, commissions, etc., to which you are appointed as a member by statute will necessarily turn upon an examination of the wording of the particular underlying statute appointing you to such councils, committees, and commissions.
Prepared by: Linda Lettera, Assistant Attorney General