Mr. David W. Rynders City Attorney City of Naples 735 Eighth Street, South Naples, Florida 33940
Dear Mr. Rynders:
This is in response to your request for an opinion on questions which may be substantially restated as follows:
 DO THE PROVISIONS OF s. 112.048, F.S., MANDATE THAT CITIES AND TOWNS ADOPT THE PRECISE RETIREMENT PLAN SET FORTH IN s. 112.048(2)(a) FOR ELECTED OFFICERS, OR MAY CITIES AND TOWNS PROVIDE ALTERNATE RETIREMENT PLANS FOR SUCH OFFICERS?
Your inquiry notes that the City of Naples has long had a pension plan for its general employees (excluding fire and police personnel who are covered by other pension plans). The provisions of the plan declare that it is applicable to "persons in the employ of the city." The board of trustees of the plan has determined that the elected mayor and councilmen are "persons in the employ of the city" and thereby made them members of the pension plan. You question whether the mayor and councilmen may participate under the city's existing pension plan or whether the city must provide the specific plan set forth in s. 112.048(2), F.S. It is to be initially emphasized that this opinion expresses no comment upon the City of Naples' pension plan, nor the decision of the board of trustees to categorize the elected mayor and councilmen as "persons in the employ of the city."
Section 112.048, F.S., provides in pertinent part:
 (1) The intent of the Legislature is to authorize and direct each city and town to provide a system of retirement for elected officials, but it is further the intent that each city or town may determine whether the system will be contributory or noncontributory.
 (2)(a) From and after June 3, 1939, whenever any elective officer of any city or town of this state has held any elective office of such city or town for a period of 20 years or more consecutively, or for a period of 20 years or more consecutively, except for one period not exceeding 6 months, such elective officer may voluntarily resign or retire from such elective office with the right to be paid, and he shall be paid on his own requisition by such city or town during the remainder of his natural life, a sum equal to one-half of the full amount of the annual or monthly salary that such city or town was authorized by law to pay said elective officer at the time of his resignation or retirement; and such city and town shall appropriate and provide in its annual budget sufficient moneys to meet the requirements of this section when no other plan is available for elected local officials. . . . (e.s.)
When statutory language is plain and unambiguous, the statute must be accorded its obvious meaning and effect; rules of statutory construction are vehicles for the determination of legislative intent when that intent is not readily manifested. McDonald v. Roland, 65 So.2d 12 (Fla. 1953); Fixel v. Clevenger, 285 So.2d 687
(3 D.C.A. Fla., 1973); Graham v. State, 362 So.2d 924 (Fla. 1978). See, Holly v. Auld, 450 So.2d 217 (Fla. 1984) (where statutory language is clear and unequivocal, legislative intent may be gleaned from words used without applying rules of construction).
Section 112.048(1), F.S., directs Florida cities and towns to provide a retirement system, whether contributory or noncontributory, for elected officials. The indefinite article "a" is variously used to mean "one" or "any." See, Webster's Third New International Dictionary 1 (unabridged ed. 1981); Black's Law Dictionary 1 (5th ed. 1979). Therefore, I am persuaded that the use of the term "a" before "system of retirement" indicates that cities and towns are not constrained to provide the precise system set forth in subsection (2)(a). Cf., s. 112.048(3), F.S., which provides that "[e]ach city or town may by ordinance establish a contributory retirement system for those officials defined in subsection (2). The rules for participation, the amount of the official's contributions, and the method of appropriation and payment may be determined by ordinance of the city or town." Section 112.048(2)(a), F.S., sets forth a retirement plan for any elective officer of a city or town who, from and after June 3, 1939, has consecutively held any elective office of such city or town for a period of twenty years or more, or for a period of twenty years or more consecutively, except for one period not exceeding six months. Such elective officer may voluntarily resign or retire from office and may, upon request, for the remainder of his natural life, be paid a sum equal to one-half of the full amount of the annual or monthly salary that the city or town was authorized by law to pay the elective officer at the time of his resignation or retirement. Cities and towns must appropriate and provide in their annual budgets sufficient funds to meet the requirements of s. 112.048(2)(a), F.S., when no other retirement plan is available for elected local officials. See, s. 4, Ch. 73-129, Laws of Florida, which transferred former s. 165.25, F.S., to s. 121.20, F.S. 1973, and which added the foregoing proviso. Section 121.20 was transferred to s. 112.048 in 1983.
Thus, while s. 112.048(1), F.S., requires a municipality to provide a system of retirement for its elected officials, either contributory or noncontributory, the municipality is required to provide the precise retirement plan set forth in s. 112.048(2)(a) for elective officials only "when no other retirement plan is available." Previous opinions of this office are in accord with the foregoing conclusion. See, AGO's 73-251; 73-316; and 74-185. Cf., AGO's 73-350 and 75-141. And see, the title to Ch. 84-351, Laws of Florida, which in amending s. 112.048, F.S., describes the statute as "relating to retirement for elective officers of cities or towns with no available retirement plan. . . ." But see, s.112.048(2)(b), F.S., providing that
 [t]he provisions of this subsection shall not operate to preclude any elected officer from retiring under, and receiving benefits pursuant to, the provisions of this section as it existed prior to October 1, 1973, if such officer had, prior to that date, completed the required 20 years of service or been elected to a term upon the expiration of which he completes the required 20 years of service. However, if on October 1, 1973, an elected officer had completed at least 10 of the required 20 years of service, the city or town may elect to provide an annual or monthly retirement salary as provided in this subsection.
See, the title to Ch. 74-231, Laws of Florida, stating that Ch. 74-231, which added the above provision to the statute, authorizes certain elected municipal officers with 20 years of service to retire with benefits equal to one-half pay even if there are other retirement plans available to municipal officers and employees. If, however, on October 1, 1973, an elected officer had completed at least 10 years of service, cities and towns have the option of electing to provide an annual or monthly salary as provided in s.112.048(2), F.S.
Therefore, in light of the foregoing, it is my opinion that cities and towns may provide pension plans for their elected officials which are different than the particular plan set forth in s.112.048(2)(a), F.S. Cities and towns must provide the retirement plan set forth in s. 112.048(2)(a) only when no other retirement plan for elected officials is available.
Sincerely,
Jim Smith Attorney General
Prepared by:
John Rosner Assistant Attorney General