Shearing, J.,
with whom Maupin and Becker, JJ., agree,
concurring in part and dissenting in part:
I agree that the City of Las Vegas’s petition should be denied because the statute in question is unconstitutionally vague as applied to this case. However, I do not agree with the majority that the statute is unconstitutionally vague on its face.
James Edward Charles was charged with “willfully and unlawfully annoying a minor” under NRS 207.260. I agree with the majority that the conduct of “annoying a minor” is unconstitutionally vague. That charge is unconstitutional because it “fails to notify individuals what conduct is prohibited, and it encourages arbitrary and capricious enforcement by police.”[1] If annoying a minor alone were unlawful, virtually every parent wóiíld at one time or another be a lawbreaker.
However, I do not agree with the majority that NRS 207.260 is unconstitutional on its face. When Charles was charged, the statute provided “a person who annoys or molests a minor” is guilty of an offense. While “annoys” is too vague, “molests” is not. I do not agree with the majority that “molest” is a synonym for “annoy.” Even the dictionary definition of “molest” cited by the majority belies that statement because molesting is not just annoying, but includes a requirement that the molestation be “with hostile intent or injurious effect.”[2] Thus, a component of *868 mens rea or criminal intent is added to the statute when molestation is charged. While the only way we can determine what is “annoying” is to look at the reaction of the alleged victim, we can determine “molesting” by the acts and intent of the perpetrator. The ordinary meaning of the word is sufficient to limit the conduct proscribed and to warn an average person of the conduct prohibited.[3]
NRS 207.260 should be declared unconstitutionally vague to the extent that it prohibits “annoying,” but not to the extent it prohibits “molesting.” This is not judicially rewriting the statute, but rather limiting the applicability to the portion that does not offend the Constitutions of the United States and the State of Nevada.

Chicago v. Morales, 527 U.S. 41, 49-50 (1999) (internal quotation marks and citation omitted).

See majority opinion ante p. 865.

Graham v. State, 362 So. 2d 924, 925 (Fla. 1978); see also Annotation, Vagueness as Invalidating Statutes or Ordinances Dealing with Disorderly Persons or Conduct, 12 A.L.R.3d 1448, 1452 (1967).