Mr. James L. Livingston Attorney Board of Commissioners Highlands County Hospital District Post Office Box 1068 Sebring, Florida 33870
Dear Mr. Livingston:
This is in response to your request for an opinion in which you ask substantially the following questions:
 1. WHETHER THE HIGHLANDS COUNTY HOSPITAL DISTRICT BOARD OF COMMISSIONERS IS AUTHORIZED BY LAW TO LEASE DISTRICT FACILITIES TO A PRIVATE CORPORATION (EITHER FOR PROFIT OR NOT FOR PROFIT) FOR PURPOSES OF OPERATING, MANAGING AND MAINTAINING SUCH FACILITIES UNDER THE SUPERVISION OF THE BOARD.
 2. WHETHER THE PROVISIONS OF s 33, CH. 61-2232, LAWS OF FLORIDA, ARE EFFECTIVE AND ENFORCEABLE WITH RESPECT TO LIABILITY OF THE BOARD OF COMMISSIONERS FOR PROFESSIONAL OR MEDICAL MALPRACTICE COMMITTED BY PHYSICIANS OR HOSPITAL EMPLOYEES ON HOSPITAL PREMISES.
QUESTION ONE
You have asked precisely whether there is any statutory or constitutional prohibition which would prevent the Highlands County Hospital District Board of Commissioners from entering into a lease with a private corporation to operate, manage and maintain the district's hospital facilities. The threshold issue implicit in your question is whether the district is authorized by law to enter into such a lease. It is well-settled that administrative officers and agencies have only that authority provided by statute and that when there is a question as to the existence of the authority, the question should be resolved against the existence of the authority. State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A.Fla., 1974), cert. dismissed,300 So.2d 900 (Fla. 1974); Edgerton v. International Company,89 So.2d 488 (Fla. 1956); White v. Crandon, 156 So. 303 (Fla. 1934). Absent statutory authority therefor, the Highlands County Hospital District cannot lawfully lease district facilities to a private corporation for purposes of operating, managing and maintaining such facilities under the supervision of the district board. See, AGO's 82-44 and 80-18.
The Highlands County Hospital District was created and incorporated as a special tax district by Ch. 61-2232, Laws of Florida, which provides for the governance and administration of the district and defines the powers and purpose of the district and its governing board, among which is the power "to establish, construct, lease, operate and maintain any hospital as in its opinion shall be necessary for the use of the people of the district." Section 5, Ch. 61-2232, Laws of Florida, as amended. See also, s 3, Ch. 61-2232, Laws of Florida, as amended, providing in pertinent part that the board of commissioners is empowered "to acquire, purchase, hold, lease, mortgage and convey" real and personal property. This statutory language evinces a legislative intent that the operation and management of district facilities shall be vested in the Highlands County Hospital District Board of Commissioners. Thus, the operation and maintenance of district facilities by any entity other than the board of commissioners would be beyond the legislative intent. See, AGO 80-18. The rule expressio unius est exclusio alterius appears to apply, see, Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944), such that by clear implication the operation and maintenance of district facilities by any entity other than the board of commissioners is not only unauthorized as beyond the legislative intent but also prohibited. See, Alsop v. Pierce, 19 So.2d 799
(Fla. 1944), holding that an express direction as to how a thing should be done is an implied prohibition of its being done in any other manner.
In the context of the foregoing discussion, it is apparent that the legislative authorization to the Highlands County Hospital District Board of Commissioners to "lease . . . any hospital" clearly refers to the authority of the board to lease hospital facilities from some other entity for use as district facilities, but does not confer any authority on the board to lease existing district facilities to any private entity for purposes of operating, managing or maintaining such facilities. See also, AGO 82-44. Therefore, I conclude that the district's enabling act does not authorize the Highlands County Hospital District Board of Commissioners to lease district facilities to a private corporation for purposes of operating, managing and maintaining such facilities under supervision of the board.
However, by enactment of Ch. 82-147, Laws of Florida, as amended by Chs. 83-158 and 84-98, Laws of Florida, the Legislature has provided specific statutory authority for the lease of county, district or municipal hospital facilities to certain private corporations under certain circumstances. See s 155.40(1), F.S., as amended by Ch. 84-98, Laws of Florida, providing that a county, district, or municipal hospital organized and existing under the laws of Florida acting through its governing board shall have the authority to reorganize such hospital as a not-for-profit Florida corporation and enter into contracts with not-for-profit corporations for the purpose of operating and managing such hospital facilities, and to enter into leases with a not-for-profit Florida corporation for the operation of existing facilities, providing that the term of any such lease, contract, or agreement and the conditions, covenants, and agreements contained therein shall be determined by the hospital's governing board. See also, s 155.40(2), F.S., as amended by Ch. 84-98, Laws of Florida, specifying that the lease, contract, or agreement shall provide for approval of the articles of incorporation of the not-for-profit corporation by the hospital's governing board, for qualification of the corporation under s 501(c)(3) of the United States Internal Revenue Code, for the orderly transition of facilities to not-for-profit corporation status, for the return of facilities to the county, municipality, or district on termination of the agreement or dissolution of the not-for-profit corporation, and for the continued treatment of indigent patients pursuant to law; and s 155.40(3), F.S., as amended by Ch. 84-98, Laws of Florida, authorizing abolishment of the existing governing board of the hospital and the establishment of a new board in the articles of incorporation of the not-for-profit corporation. It therefore appears that the Highlands County Hospital District Board of Commissioners is authorized by s 155.40(1), F.S., as amended by Ch. 84-98, Laws of Florida, to reorganize the district hospital as a not-for-profit Florida corporation and to lease district facilities to a not-for-profit Florida corporation for the purpose of operating and managing such facilities upon such conditions as are determined by the board and where such lease complies with the requirements of s 155.40(2), F.S., as amended by Ch. 84-98, Laws of Florida. With respect to the authority of the district board to lease district facilities to a private for profit corporation, the rule expressio unius est exclusio alterius compels the conclusion that these statutory provisions do not authorize the board to enter into a lease with a private for profit corporation, see, Dobbs v. Sea Isle Hotel, 56 So.2d 341
(Fla. 1952), Interlachen Lakes Estates, Inc. v. Snyder,304 So.2d 433 (Fla. 1973), and Ideal Farms Drainage District v. Certain Lands, supra, and that such action is impliedly prohibited, see, Alsop v. Pierce, supra.
Therefore, I conclude that the Highlands County Hospital District Board of Commissioners is authorized by s 155.40(1), F.S., as amended by Ch. 84-98, Laws of Florida, to reorganize the district hospital as a not-for-profit Florida corporation and to lease district facilities to a not-for-profit Florida corporation for the purpose of operating and managing such facilities for such terms and upon such conditions as may be determined by the board of commissioners and where such lease complies with the requirements of s 155.40(2), F.S., as amended by Ch. 84-98, Laws of Florida, but that the board is not authorized by law to lease district facilities to a private for profit corporation for such purposes.
QUESTION TWO
Your second question concerns the continued effectiveness and enforceability of certain provisions of s 33, Ch. 61-2232, Laws of Florida, as amended, which relates generally to liability insurance coverage. Section 33, Ch. 61-2232, supra, reads as follows:
 The board of commissioners may secure and keep in force in amounts it may determine, in companies duly authorized to do business in Florida, liability insurance covering vehicles, premises, and malpractice.
 In consideration of the premium at which each policy shall be written, it shall be a part of the policy contract between the board of commissioners and the named insured that the company shall not be entitled to the benefit of the defense of governmental immunity for the insured by reason of exercising a governmental function on any suit brought against the insured. Immunity of the board of commissioners against liability damages is waived to the extent of liability insurance carried by the board. Provided, however, no attempt shall be made at the trial of any action against the board to suggest the existence of any insurance which covers in whole or in part any judgment or award which may be rendered in favor of the plaintiff and if a verdict rendered by the jury exceeds the limit of the applicable insurance the court shall reduce the amount of the judgment or award to a sum equal to the applicable limit set forth in the policy.
While this statutory language appears to be a limited waiver of the sovereign immunity of the Highlands County Hospital District, it does not constitute a limitation on the liability of the district as fixed by law. The provisions of s 33 of Ch. 61-2232, supra, merely authorize the district's governing board to secure liability insurance for the designated coverage or risks, and, to the extent of such liability insurance secured by the board, its immunity from liability for liability damages was waived by the statute.
Section 768.28, F.S., as amended, waives the hospital district's tort immunity to the extent specified in subsection (5) of that section and imposes a ceiling on or limits the amount of money damages recoverable in tort against the district. See generally, AGO's 81-57, 78-42, 75-114, and cases cited therein. Except as specified otherwise in subsection (9) of s 768.28, the officers, employees or agents of the district are not personally liable in tort and may not be named defendants in any action for injuries or damages suffered as a result of any act, event or omission of action in the scope of their employment or function. The exclusive remedy for any such injury or damages is by action against the district or its governing board.
Subsection (13) of s 768.28, F.S., authorizes the district to be self-insured, to enter into risk management programs, or to purchase liability insurance for whatever coverage it may choose, or to have any combination thereof in anticipation of any claim, judgment, and claims bill which it may be liable to pay pursuant to s 768.28. See, AGO 81-70.
In summary, then, it is my opinion that:
 (1) The Highlands County Hospital District Board of Commissioners is authorized by s 155.40(1), F.S., as amended by Ch. 84-98, Laws of Florida, to reorganize the district hospital as a not-for-profit Florida corporation and to lease district facilities to a not-for-profit Florida corporation upon such terms and conditions as may be determined by the board of commissioners and where such lease complies with the requirements of s 155.40(2), F.S., as amended by Ch. 84-98, Laws of Florida, but that the board is not authorized by law to lease district facilities to a private for profit corporation for such purposes.
 (2) The general tort liability of the hospital district or its governing board is established and controlled by s 768.28, F.S., as amended, and the amount of money damages recoverable in tort against the district or its governing board is limited by the provisions of s 768.28(5), F.S. The officers, employees or agents of the district are not personally liable in tort for injuries or damages suffered as a result of any act, event or omission of action in the scope of their employment or function. The exclusive remedy for any such injury or damages is by action against the hospital district or its governing board.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General